Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Patrick H. Peluso (admitted *pro hac vice*)
    ppeluso@woodrowpeluso.com
Steven L. Woodrow (admitted *pro hac vice*)
    swoodrow@woodrowpeluso.com
Taylor T. Smith (admitted *pro hac vice*)
    tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Loretta Williams,** individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>**DDR Media, LLC,** a Pennsylvania limited liability company, **d/b/a Royal Marketing Group,** and **Lead Intelligence, Inc.**, a Delaware corporation, **d/b/a Jornaya,**<br><br>    Defendants. | Case No.  3:22-cv-03789-SI<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1. Plaintiff Loretta Williams ("Plaintiff" or "Williams") brings this First Amended Class Action Complaint and Jury Demand ("Complaint") against Defendants DDR Media, LLC d/b/a Royal Marketing Group ("DDR Media") and Lead Intelligence, Inc. d/b/a Jornaya ("Jornaya", and collectively with DDR Media, "Defendants") to obtain redress for, and to put an end to, Defendants' serial wiretapping of the electronic communications of visitors to DDR Media's websites, including snappyrent2own.com.

FIRST AMENDED CLASS ACTION COMPLAINT        - 1 -

2. The wiretaps are embedded in the computer code on DDR Media's websites and are used by Defendants to covertly observe and record visitors' keystrokes and clicks in real time.

3. Such actions violated the California Invasion of Privacy Act, Cal. Penal Code 631 ("CIPA"), and invaded Plaintiff's and class members' privacy rights.

4. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

5. Defendant Jornaya offers a product to lead generators and telemarketers known as "TCPA Guardian". This product is designed to allow these lead generators and telemarketers to attempt compliance with the federal Telephone Consumer Protection Act by documenting alleged evidence of prior express consent to receive telemarketing calls provided on websites.

6. One feature of Jornaya's "TCPA Guardian" product is a "visual playback" function, which records, in real time, a person's interaction with a website that is using TCPA Guardian.

7. As Jornaya states on its "Guardian TCPA Reports," "Jornaya provides a neutral, 3rd party technology-based platform that tracks the origin and history of a lead event and the consumer actions that occurred at that event. Jornaya's technology witnesses more than one hundred million lead events each month - tracking the actions that occur when a consumer fills out a lead form." *See* "Plaintiff's Guardian Report," attached hereto as Exhibit A.

8. Jornaya enters into partnerships with various telemarketers and lead generators who wish to utilize TCPA Guardian. Jornaya then provides its software and scripts to those partners.

9. One such entity is DDR Media, which uses TCPA Guardian on its website scrappyrent2own.com, along with other websites that it operates.

10. DDR Media knows that TCPA Guardian captures strokes, clicks, and other interactions on its websites—it is a primary reason why DDR Media contracts with Jornaya for the TCPA Guardian product in the first place.

11. Pursuant to their agreement with each other, DDR Media installed TCPA Guardian by embedding Jornaya's code onto scrappyrent2own.com and, on information and belief, many of

1  DDR Media's other lead generation websites.

2      12. Unfortunately for Defendants, their conduct constitutes wiretapping under California law because Defendants do not secure prior express consent before recording their movements on the websites.

    13. As a result of Defendants' violations of the CIPA, Plaintiff Williams and the members of the Class were deprived of their privacy rights guaranteed to them by California law, and they are thus entitled to injunctive relief and statutory damages in the amount of $5,000 for each violation. *See* Cal. Penal Code § 637.2.

## PARTIES

    14. Plaintiff Williams is a natural person and citizen of the State of California.

    15. Defendant DDR Media is a Pennsylvania limited liability company with its principal place of business located in Harrisburg, Pennsylvania, who at the time in question, was doing business as Royal Marketing Group.

    16. Defendant Jornaya is a Delaware corporation with its principal places of business located in Conshohocken, PA.

## JURISDICTION AND VENUE

    17. This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), *et seq.* ("CAFA"), because the class consists of over 100 people, at least one member of each class is from a State other than the state of the Defendants, and the amounts in controversy are over $5,000,000. Further, none of the exceptions to CAFA jurisdiction apply.

    18. This Court has personal jurisdiction over Defendants because they conduct substantial business in this District, the unlawful conduct alleged in the Complaint occurred in and/or was directed to this District, and Plaintiff's claims arise out of each Defendants' forum-related activities.

    19. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred in this District.

## FACTS SPECIFIC TO PLAINTIFF

    20. On or around December 10, 2021, Williams visited scrappyrent2own.com, a

website owned and operated by DDR Media.

21. During that visit, the Jornaya TCPA Guardian replay function created a video that captured Williams' keystrokes and clicks on the website. It also captured the date and time of the visit, her IP address, and her geographic location.

22. Jornaya also recorded Williams's name, address, and phone number.

23. Simply stated, Williams's interaction (including her keystrokes and mouse movement and clicks) was recorded by DDR Media and Jornaya using Jornaya's "TCPA Guardian" technology.

24. This recording was done without Plaintiff's consent. Defendants did not inform website visitors that their strokes and clicks would be recorded, much less secure prior express consent. Indeed, the wiretapping began the moment Williams and other members of the alleged Class visited the webpage.

25. All TCPA Guardian videos are hosted on Jornaya's servers, and to access the videos one must follow a hyperlink provided by Jornaya. Moreover, Jornaya independently collects and stores information provided by web users on the websites of its clients.

26. Members of the alleged Class were unlawfully monitored in the same way as Williams was: Jornaya's software functions the exact same way no matter which persons is visiting a site, or which of DDR Media's websites the person is visiting.

27. For wiretapping her visit to DDR Media's website, Plaintiff brings this suit, on behalf of herself and those similarly situated, to put an end to Defendants' repeated and widespread CIPA violations. Such violations entitle her, and other similarly situated persons, to injunctive relief plus statutory damages of $5,000 per violation.

**CLASS ACTION ALLEGATIONS**

28. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure Rules 23(b)(2) and 23(b)(3) on behalf of herself and a Class defined as follows:

> All persons in California who: (1) from a date one year prior to the filing of the initial complaint in this action to the date notice is sent to the Class; (2) visited one of DDR Media's websites; (3) which utilized Jornaya's "TCPA Guardian" or similar Jornaya software; (4) who had their electronic communications intercepted

and/or recorded by Jornaya; and (5) where the Defendants claim to have secured prior express consent to monitor, record, collect, and store electronic communications in the same manner as they claim to have secured prior express consent from Williams, or where Defendants do not claim they secured any such prior express consent.

29. Excluded from the Class are: (1) Defendants, Defendants' agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest, and those entities' officers and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) Plaintiff's counsel and Defendants' counsel; (4) persons who execute and file a timely request for exclusion, (5) persons who have had their claims in this matter finally adjudicated and/or otherwise released, and (6) the legal representatives, successors, and assigns of any such excluded person. Plaintiff anticipates the need to amend the class definition following a reasonable period for discovery regarding the contours of the Class.

30. **Numerosity:** The exact number of class members is unknown to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendants wiretapped thousands of California residents. Further, the class members can readily be ascertained through Defendants' records.

31. **Commonality:** Common questions of law and fact exist as to all members of the Class for which this proceeding will provide common answers in a single stroke based upon common evidence, including:

(a) Whether Defendants' conduct described herein violated the CIPA;

(b) Whether Defendants secured prior express consent before monitoring, recording, collecting, and storing the electronic communications of Plaintiff and the Class;

(c) Whether Defendants have violated the California Constitution; and

(d) The proper measure of damages.

32. **Typicality:** As a result of Defendants' uniform and repeated pattern of unlawful recording, Plaintiff and the class members suffered the same injury and similar damages. If Defendants' actions violated the CIPA as to Plaintiff, then they violated the CIPA as to all class members. Thus, Plaintiff's claims are typical of the claims of the other class members.

33. **Adequate Representation:** Plaintiff is a member of the Class and both she and her counsel will fairly and adequately represent and protect the interests of the Class, as neither has interests adverse to those of the class members and Defendants have no defenses unique to Plaintiff. In addition, Plaintiff has retained counsel competent and experienced in complex litigation and class actions. Further, Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and they have the financial resources to do so.

34. **Conduct Applicable Towards Class as a Whole:** Defendants acted consistently with respect to every member of the Class. No Class Member was treated specially or different as Defendants acted in the same manner with respect to all Class Members. As such, injunctive relief and corresponding declaratory relief are available and appropriate.

35. **Predominance:** The common questions of law and fact set forth above go to the very heart of the controversy and predominate over any supposed individualized questions. Irrespective of any given class member's situation, the answer to whether Defendants' conduct described herein repeatedly violated the CIPA is the same for everyone—a resounding "yes"—and the same will be proven using common evidence.

36. **Superiority and Manageability:** A class action is superior to all other methods of adjudicating the controversy. Joinder of all class members is impractical, and the damages suffered by/available to the individual class members will likely be small relative to the cost associated with prosecuting an action. Thus, the expense of litigating an individual action will likely prohibit the class members from obtaining effective relief for Defendants' misconduct. In addition, there are numerous common factual and legal questions that could result in inconsistent verdicts should there be several successive trials. In contrast, a class action will present far fewer management difficulties, as it will increase efficiency and decrease expense. Further, class-wide adjudication will also ensure a uniform decision for the class members.

**FIRST CAUSE OF ACTION**
Violation of Cal. Penal Code § 631, *et seq.*
(On Behalf of Plaintiff and the Class)

37. Plaintiff incorporates by reference the foregoing allegations as if fully set forth

herein.

38. The CIPA provides that it is a violation of Cal. Penal Code § 631(a) for a defendant, "by means of any machine, instrument, contrivance, or in any other matter," to do any of the following:

> Intentionally tap[], or make[] any unauthorized connection, whether physically, electrically, acoustically, inductively or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system,

> Or

> Willfully and without the consent of all parties to the communication, or in any unauthorized manner, read[] or attempt[] to read or learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line or cable or is being sent from or received at any place within this state,

> Or

> Use[], or attempt[] to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained,

> Or

> Aid[], agree[] with, employ[], or conspire[] with any person or persons to unlawfully do, or permit or cause to be done any of the acts or things mentioned above in this section.

39. Section 631(a) is not limited to phone lines. *See Matera v. Google Inc.*, 2016 WL 8200619, at *21(N.D. Cal. Aug. 12, 2016) (CIPA applies to "new technologies" and must be construed broadly to effectuate its remedial purpose of protecting privacy); *Bradley v. Google, Inc.*, 2006 WL 3798134, at *5-6 (N.D. Cal. Dec. 22, 2006) (CIPA governs "electronic communications"); *In re Facebook, Inc. Internet Tracking Litigation*, --- F.3d --- 2020 WL 1807978 (9th Cir. Apr. 9, 2020) (reversing dismissal of CIPA and common law privacy claims based on Facebook's collection of consumers' Internet browsing history).

40. Jornaya's TCPA Guardian software is a "machine, instrument, contrivance, or . . . any other manner" that is used by Jornaya and DDR Media to engage in the unlawful practices

described in this Complaint.

41. By using Jornaya's eavesdropping software, Defendants intentionally tapped the lines of communication between Plaintiff (and absent Class Members) and DDR Media's websites.

42. Defendants lack prior express consent from Plaintiff and the Class for Defendants to "read or attempt to read or learn the contents or meaning" of their electronic communications being made in the State of California.

43. DDR Media partnered with (and conspired with) Jornaya to achieve the unlawful conduct described herein.

44. This violation of Section 631(a) is an invasion of privacy and confers Article III standing.

45. Absent an injunction, Plaintiff and the members of the alleged Class are at risk of continued harm. Jornaya's software is used by many website operators and there is no practical way to know if the future whether website communications will be monitored and recorded by Defendants, absent ceasing to utilize the internet (a near impossibility in the year 2022).

46. Accordingly, pursuant to Cal. Penal Code § 637.2(a)(1), Plaintiff and the Class seek injunctive relief and statutory damages in the amount of $5,000 per violation.

### SECOND CAUSE OF ACTION
**Violation of California's Unfair Competition Law, Cal. Bus. Prof. Code Section 17200 *et seq.* ("UCL")**
**(On Behalf of Plaintiff and the Class)**

47. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

48. Defendants' conduct set forth above is unlawful and in violation of the CIPA and its implementing regulations. As such, Defendant has violated the Unfair Competition Law's "unlawful" prong with respect to the California Class members.

49. Defendants' conduct violated Cal. Penal Code § 631 and thus violated the UCL's unlawful prong.

50. Defendants' conduct also invaded the privacy of the Plaintiff and the Class Members and was therefore unlawful and unfair.

51. Defendants should be enjoined from making such additional invasions of privacy.

52. Defendants should also be ordered to secure prior express consent before any further wiretapping of electronic communication.

53. Defendants should also be required to pay reasonable costs and attorneys' fees.

### THIRD CAUSE OF ACTION
**Invasion of Privacy Under California's Constitution**
**(On Behalf of Plaintiff and the Class)**

54. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

55. Plaintiff and other members of the Class have an interest in conducting personal activities (such as visiting websites), without observation or interference, including visiting websites without being subjected to secret wiretaps.

56. Defendants intentionally invaded the privacy rights of Plaintiff and other members of the Class, and worked cooperatively to do so.

57. This invasion of privacy is serious in nature and scope and constitutes a breach of the social norms in the digital age.

58. Thus, Plaintiff seeks all relief available for invasion of privacy under the California Constitution on behalf of herself and members of the alleged Class.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, respectfully requests that this Court issue an order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Williams as class representative and appointing her counsel as class counsel;

B. Finding that Defendants' actions constitute repeated and willful violations of the CIPA;

C. Awarding injunctive relief under the CIPA enjoining Defendants from continuing to violate the CIPA by unlawfully wiretapping electronic communication without

FIRST AMENDED CLASS ACTION COMPLAINT                - 9 -

consent;

D. Awarding damages, including statutory damages where applicable, to Plaintiff and the Class in amounts to be determined at trial;

E. Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

F. Awarding Plaintiff and the Class pre- and post- judgment interest, to the extent allowable; and

G. Such further and other relief as the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: March 30, 2023

**LORETTA WILLIAMS**, individually and on behalf of all others similarly situated,

By: /s/ Taylor T. Smith
One of Plaintiff's Attorneys

Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Patrick H. Peluso (admitted *pro hac vice*)
ppeluso@woodrowpeluso.com
Steven L. Woodrow (admitted *pro hac vice*)
swoodrow@woodrowpeluso.com
Taylor T. Smith (admitted *pro hac vice*)
tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on March 30, 2023.

                                      /s/ Taylor T. Smith