Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Steven L. Woodrow (admitted *pro hac vice*)
swoodrow@woodrowpeluso.com
Patrick H. Peluso (admitted *pro hac vice*)
ppeluso@woodrowpeluso.com
Taylor T. Smith (admitted *pro hac vice*)
tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0676
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Class

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Loretta Williams,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**DDR Media, LLC**, and **Lead Intelligence, Inc.**<br><br>Defendants. | Case No. 3:22-cv-03789-SI<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Hon. Susan Illston |

Plaintiff Loretta Williams ("Plaintiff" or "Williams") and Defendants DDR Media, LLC d/b/a Royal Marketing Group ("Royal Marketing") and Lead Intelligence, Inc. d/b/a Jornaya ("Jornaya", and collectively with -Royal Marketing, "Defendants") jointly submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California, Rule 26(f) of the Federal Rules of Civil Procedure, and Civil Local Rule 16-9.

1. Jurisdiction & Service

Plaintiff's Position: This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), *et seq.* ("CAFA"), because the class consists of over 100 people, at least one member of each class is from a State other than the state of the Defendants, and the amounts in controversy are over $5,000,000. Further, none of the exceptions to CAFA jurisdiction apply.

Defendants' Position:

*Royal Marketing's Position:* Plaintiff's named the incorrect party and agreed to correct same. DDR Media, LLC, -- at all relevant times was t/d/b/a Royal Marketing is currently waiting to be served properly under the correct tradename Royal Marketing Group. Plaintiff has agreed to amend the Complaint.

*Jornaya's Position:* Jornaya does not dispute that it was properly served and is not aware of any party not yet served. Jornaya does not currently dispute this court's jurisdiction. Jornaya disputes DDR Media's position regarding the tradename under which it conducted business, and reserves all rights, claims, and defenses.

2. Facts

Plaintiff's Position: This case challenges Defendants' violations of the California Invasion of Privacy Act, Cal. Penal Code 631 ("CIPA"). Specifically, Plaintiff Loretta Williams ("Williams" or "Plaintiff") alleges that Defendants violated CIPA by unlawfully intercepting and recording her communications on Royal Marketing's website absent any consent, thereby violating CIPA's prohibition of wiretapping and California's constitutional right to privacy. Accordingly, Plaintiff, on behalf of herself and a Class of similarly situated individuals, brings this action to put an end to Defendants' serial violations of CIPA.

Defendants' Position:

*Royal Marketing's Position:* Royal Marketing denies the Plaintiffs' allegations and as will

be further articulated in its response to the First Amended Complaint, pending filing of the amended complaint and service by the Plaintiff. Royal Marketing is a customer of Jornaya. This action arises from the implementation of Jornaya's Create JavaScript software on its website snappyrent2own.com.

*Jornaya's Position:* Plaintiff alleges that DDR Media LLC's use of Jornaya's Javascript on its website resulted in the unlawful interception and recording of her communications without her consent. Jornaya denies that it violated CIPA or acted unlawfully.

3. Legal Issues

Plaintiff's Position:

(1) Whether Jornaya unlawfully intercepted Plaintiff's communications on the Royal Marketing website;

(2) Whether Jornaya obtained consent from all parties to intercept and record the communications at issue;

(3) Whether Royal Marketingaided, agreed, or conspired with Jornaya to unlawfully intercept, read, or learn the contents of Plaintiff's communications;

(4) Whether the proposed class can be certified as a class action in accordance with Federal Rules of Civil Procedure 23;

(5) Whether Plaintiff and the other members of the Class are entitled to statutory damages; and

(6) Whether Defendants should be enjoined from intercepting and recording future communications on the Royal Marketing website absent any consent.

Defendants' Position:

*Royal Marketing's Position:* Royal Marketing is unaware of Jornaya's proprietary systems and processes, utilized them pursuant to the terms and conditions they establish, and – if liable of anything, is entitled to Indemnity by them. Moreover, Royal Marketing contests the requisite

number of putative Plaintiffs as to them given this was – essentially, a one-off use of the subject Platform.

*Jornaya's Position:* Jornaya does not dispute Plaintiff's identification of the key legal issues in this action. Jornaya does not agree that it owes indemnification to DDR Media LLC.

4. Motions

There is a pending Motion to Dismiss the First Amended Complaint.

Plaintiff's Position: Plaintiff anticipates moving for class certification following class discovery and potentially moving for summary judgment in favor of herself and the class members. Discovery motions may also be potentially necessary.

Defendants' Position:

*Royal Marketing's Position:* Royal Marketing: Defendant reserves the right to file discovery motions as necessary.

*Jornaya's Position:* Jornaya anticipates opposing class certification. Jornaya may move for summary judgment or summary adjudication and may also bring discovery motions, if any are necessary.

5. Amendment of Pleadings

The parties request a deadline to amend pleadings to be set following a reasonable period of discovery to ascertain whether any additional culpable parties exist. A deadline of 120 days following commencement of discovery regarding class related issues would suffice.

6. Evidence Preservation

The Parties certify that they have reviewed the ESI Guidelines. During the Rule 26(f) conference, counsel for the Parties discussed the potential ESI implicated in this case. The Parties confirm that any relevant ESI is being appropriately preserved. Should discovery proceed, the

Parties are committed to working together to reduce the costs of ESI.

Royal Marketing has requested a Stop, Hold, Warn as to those documents and materials Plaintiff believes are relevant specifically from them because its' role in this – other than availing itself to co-defendants platforms, services, is nebulous.

7. Disclosures

The parties have agreed to exchange initial disclosures pursuant to the requirements of Fed. R. Civ. P. 26 within fourteen (14) days following the issuance of the Rule 16 Scheduling Order and a ruling on the pending Motion to Dismiss.

The Parties agree that, in the interests of conserving the parties' and judicial resources, all discovery, including initial disclosures, should await resolution of Defendants' motion(s) to dismiss and any subsequent amendment of the complaint.

8. Discovery

No discovery has been served thus far and the parties have not identified any discovery disputes. Pursuant to Fed. R. Civ. P. 26(f), the parties submit the following discovery plan:

**(1) Subjects on which discovery may be needed.** Discovery will be needed on the allegations asserted in the first amended complaint and the legal issues set forth above.

**(2) Issues relating to disclosure or discovery of electronically stored information.** If certain discovery is to be produced in electronic form, the parties have agreed to meet and confer, as necessary, to resolve any issues concerning electronic discovery as they arise.

**(3) Issues relating to claims of privilege or of protection as trial-preparation material.** The parties agree to prepare and produce a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product protection except the following: written and oral communications between a party and its counsel after commencement of the action and work product material created after commencement of the action.

**(4) Changes in limitations on discovery.** The parties do not propose any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Civil Local Rules.

**(5) Orders that should be entered by the court.** The parties anticipate that a protective order governing the treatment of confidential information will be required and will submit a proposed order in the form of the Northern District's model order.

9. Class Actions

The Parties set forth their positions with respect to discovery in Section 17 below.

10. Related Cases

The parties are unaware of any pending cases related to this action.

11. Relief

Plaintiff's Position: Plaintiff seeks statutory damages for Defendants alleged violations of CIPA, which provides for $5,000 per violation, together with injunctive relief and attorneys' fees and costs. Damages will be calculated depending upon the number of class members and the number of violations following discovery.

Defendants' Position:

*Royal Marketing's Position:* Royal Marketing contends it has no liability, and that any liability, if any, found herein is co-defendants.

*Jornaya's Position*: Jornaya denies that Plaintiff and the putative class are entitled to the relief sought in the complaint. Jornaya also denies that it owes any indemnification to DDR Media LLC.

12. Settlement and ADR

The Parties have complied with ADR L.R. 3-5. The Parties are scheduled to participate in a private mediation session on August 14, 2023.

13. Consent to Magistrate Judge For All Purposes

All Parties do not consent to have a magistrate judge conduct all further proceedings.

14. Other References

The parties agree that the case is not suitable for reference a special master or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues

The Parties agree, to the extent necessary, to explore facts that can be proven by stipulation at the appropriate time.

16. Expedited Trial Procedure

The Parties do not believe that this case is suitable for an expedited trial.

17. Scheduling

Plaintiff's and Defendant Royal Marketing's Position: Discovery should proceed with respect to both class certification and merits issues for a period of ten (10) months. The first eight (8) months will be devoted to written and oral fact discovery. The final two (2) months of this period will be devoted to experts. Following the close of this initial ten-month discovery period, the Parties will brief class certification. Following a ruling on class certification the Court would hold a subsequent case management conference and establish a schedule for the remainder of the case, including a period for any remaining merits-based discovery, and dates for summary

judgment briefing, pre-trial conferences, and the trial.

Plaintiff and Defendant Royal Marketing propose the following case schedule.

| **Event** | **Proposed Deadlines** |
|---|---|
| Motion to Amend Pleadings and/or Add Parties | 120 days following a ruling on the Motion to Dismiss |
| Deadline to Complete Fact Discovery | 8 months following a ruling on the Motion to Dismiss |
| Plaintiff's Expert Disclosures Due | 14 days after the Deadline to Complete Fact Discovery |
| Defendants' Expert Disclosures Due | 14 days after Plaintiff's Expert Disclosure |
| Rebuttal Expert Disclosures Due | 14 days after Defendants' Expert Disclosures |
| Complete Expert Discovery | 2 months after the Deadline to Complete Fact Discovery |
| Plaintiff to File Motion for Class Certification | 30 days following the completion of Expert Discovery |
| Defendants to File Opposition to Class Certification | 30 days after Plaintiff's Motion for Class Certification |
| Plaintiff to File Reply ISO Motion for Class Certification | 14 days after Defendants' opposition |
| Subsequent Case Management Conference | TBD: to be set after a ruling on class certification |

| File Dispositive Motions | TBD: to be set after a ruling on class certification |
|---|---|

Defendant Jornaya's Position:

Defendant Jornaya's position is that, in the interests of conserving the parties' and judicial resources, discovery should not begin until after resolution of the Defendants' motion(s) to dismiss. Assuming such motions will be ruled upon by July 1, 2023, Jornaya proposes the following schedule.

| **Event** | **Proposed Deadlines** |
|---|---|
| Discovery Begins | July 1, 2023 |
| Motion to Amend Pleadings and/or Add Parties | July 29, 2023 |
| Deadline to Complete Fact Discovery | March 3, 2024 |
| Plaintiff's Initial Expert Disclosures Due | March 17, 2024 |
| Defendants' Expert Disclosures Due | April 14, 2024 |
| Rebuttal Expert Disclosures Due | April 28, 2024 |
| Complete Expert Discovery | May 19, 2024 |
| Plaintiff to File Motion for Class Certification (and any supporting class-certification expert reports) | June 2, 2024 |
| Defendants to File Opposition to Class Certification (and any rebuttal class- | June 30, 2024 |

| certification expert reports) | |
|---|---|
| Plaintiff to File Reply ISO Motion for Class Certification | July 21, 2024 |
| Subsequent Case Management Conference | TBD: to be set after a ruling on class certification |
| File Dispositive Motions | TBD: to be set after a ruling on class certification |

18. Trial

The Parties anticipate that a jury trial will take 5 days.

19. Disclosure of Non-party Interested Entities or Persons

Plaintiff's Position: As of the filing of this report, Plaintiff has filed her disclosure of non-party interested entities or persons.

Defendants' Position:

*Royal Marketing's Position:* Royal Marketing will file its Disclosure in connection with its response to the First Amended Complaint and as required by F.R.C.P. 26.

*Jornaya's Position*: Jornaya has filed its L.R. 3-15 Disclosure.

20. Professional Conduct

All counsel have reviewed the Guidelines.

21. Other

The parties are not aware of any other matters at this time.

Respectfully submitted,

Dated: July 21, 2023

**LORETTA WILLIAMS**, individually and on behalf of all others similarly situated,

By: _/s/ Patrick H. Peluso_
One of Plaintiff's Attorneys

Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Steven L. Woodrow (admitted *pro hac vice*)
swoodrow@woodrowpeluso.com
Patrick H. Peluso (admitted *pro hac vice*)
ppeluso@woodrowpeluso.com
Taylor T. Smith (admitted *pro hac vice*)
tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0676
Facsimile: (303) 927-0809

Dated: July 21, 2023

**LEAD INTELLIGENCE, INC. D/B/A JORNAYA**

By: _/s/ Rebecca C. Harlow_

Aravind Swaminathan
Orrick, Herrington & Sutcliffe
701 5th Avenue, Suite 5600
Seattle, WA 98104
(206) 839-4300
Fax: (206) 839-4301
Email: aswaminathan@orrick.com

Rebecca Clair Harlow
Orrick Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street

San Francisco, CA 94105
(415) 415-773-5598
Email: rharlow@orrick.com

*Counsel for Jornaya*

Dated: July 21, 2023

**DDR MEDIA, LLC d/b/a Royal Marketing Group**

By: */s/ Joseph A. O'Keefe*

Joseph A. O'Keefe
McLeod | Brunger PLLC
10375 Park Meadows DR., Suite 260
Lone Tree, CO 80126
(720) 443-6600
jokeefe@mcleodbrunger.com

*Counsel for Defendant DDR Media d/b/a Royal Marketing Group*

**SIGNATURE CERTIFICATION**

Pursuant to Civil L.R. 5-1(i)(3) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to counsel for Defendant and that I have obtained authorization to affix his or her electronic signature to this document.

By: */s/ Patrick H. Peluso*
Patrick H. Peluso

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above papers was served upon counsel of record by filing such papers via the Court's ECF system on July 21, 2023.

*/s/ Patrick H. Peluso*