JOSEPH O'KEEFE
jokeefe@mcleodbrunger.com
McLeod Brunger PLLC
10375 Park Meadows Drive, Ste. 260
Lone Tree, CO 80124
Tel.: (720) 443-6600

LYN R. AGRE
lagre@glennagre.com
Glenn Agre Bergman & Fuentes
44 Montgomery Street, Suite 2410
San Francisco, CA 94104
Tel.: (212) 970-1602

Attorneys for Defendant
DDR Media, LLC, a Pennsylvania limited liability,
d/b/a Royal Marketing Group

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Loretta Williams, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DDR Media, LLC, a Pennsylvania limited liability company, d/b/a Royal Marketing Group, and Lead Intelligence, Inc., a Delaware corporation, d/b/a Jornaya,<br><br>Defendants. | Case No. 3:22-cv-03789-SI<br><br>**DEFENDANT ROYAL MARKETING GROUP'S MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Date: January 12, 2024<br>Time: 10:00 a.m.<br><br>Judge: Hon. Susan Illston |

**NOTICE OF MOTION AND MOTION TO DISMISS**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on January 12, 2024, at 10:00 a.m., or as soon thereafter as available, in the Courtroom of the Honorable Illston, located at 450 Golden Gate Avenue, Courtroom 1, 17th Floor, San Francisco, California 94102, (via Zoom webinar, call-in information can be found in the link below https://www.cand.uscourts.gov/judges/illston-susan-si/). Defendant Royal

Marketing Group ("Royal Marketing") will and hereby does move, pursuant to Fed. R. Civ. P. 12(b)(6) and Rule 12(b)(1), for an Order granting Royal Marketing's Motion to Dismiss. This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the pleadings, and papers on file in this action, any other such matters of which the Court may take judicial notice, and properly consider.

**Table of Contents**

**Page**

STATEMENT OF ISSUES TO BE DECIDED ........................................ 1

SUMMARY OF RELEVANT FACTS ........................................ 1 – 2

LEGAL STANDARD ........................................ 2 – 3

LEGAL ARGUMENT ........................................ 3

a. The Complaint Fails to State a Claim Because It Does Not Describe Any Violation of Law ........................................ 3 – 4

i. Cal. Penal Code § 631(a) Only Applies to Intentional Wiretapping or Willful Attempts to Learn the Contents of a Communication in Transit by a Non-Party and the Complaint's Allegations Show DDR Nor Lead Intelligence, Inc Was Doing Either ........................................ 4 – 7

ii. Section 631(a) Applies to a Communications With a Message, Recordings of How a Person Interacts With a Website Contains No Message to Convey ........................................ 7 – 9

b. The U.S. Constitution Prohibits this Court From Hearing this Case Because the Plaintiff Fails to Allege an Injury in Fact ........................................ 9 – 10

CONCLUSION ........................................ 10 – 11

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Ashcroft v. Iqbal*,
556 U.S. 662, 678 (2009)....................2

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 555 (2007)....................2

*White v. Lee*,
227 F.3d 1214, 1242 (9th Cir. 2000)....................2

*Warren v. Fox Family Worldwide, Inc.*,
328 F.3d 1136, 1139 (9th Cir. 2003)....................2,3

*In re Gilead Scis. Sec. Litig.*,
536 F. 3d 1049, 1055 (9th Cir. 2000)....................3

*Lopez v. Smith*,
203 F.3d 1122, 1130 (9th Cir. 2000)....................3

*People v. Ratekin*,
212 Cal. App. 3D 1165, 1168 (1989)....................4

*People v. Soles*,
68 Cal. App. 3d 418, 420 (Cal. App. 1977)....................4

*Vo v. City of Garden Grove*,
9 Cal. Rptr. 3d 257, 277 (Cal. App. 2004)....................4

*Warden v. Kahn*,
99 Cal. App. 3D 805, 811 (Cal. App. 1979)....................4

*Rogers v. Ulrich*,
52 Cal. App. 3d 894, 899 (1975)....................4

*Graham v. Noom, Inc.*,
533 F. Supp. 3d 823, 832-33 (N.D. Cal. 2021)....................4,5

*Johnson v. Blue Nile, Inc.*,
2021 WL 1312771, at *2 (N.D. Cal. Apr. 8, 2021)....................5

*Yale v. Clicktale, Inc.*,
2021 WL 1428400, at *3 (N.D. Cal. Apr. 15, 2021)....................5

*Williams v. What If Holdings, LLC et al*, No. C 22-03780 WHA, 2022 WL 17869275 at *3-4 (N.D. Cal. Dec. 22, 2022)....................5

S *Matera v. Google LLC*
2016 WL8200619, at *21 (N.D. Cal. Aug. 12, 2016)....................6

*In re Facebook Internet Tacking Litigation*
956 F. 3d 589, 607 (9th Cir. 2020) ....................6

*Javier v. Assurance IQ, LLC*
No. 20-CV-02860-CRB, 2023 WL 114225, at * 6 (N.D. Cal. Jan. 5, 2023)....................7

*In re Zynga Priv. Litig.*,
750 F.3d 1098, 1106 (9th Cir. 2014) ....................7

*Transunion LLC v. Ramierez,*
141 S. Ct. 2190, 2205 (2021)....................9

*Spokeo, Inc. v. Robins,*
578 U.S. 330, 341 (2016)....................9

*Davis v. Federal Election Comm'n,*
554 U.S. 724, 733 (2008)....................9

**Statutes**

Telephone Consumer Protection Act, 47 USC § 227, et seq. ....................3

Cal. Penal Code § 631(a) ....................3,4,7

## I. STATEMENT OF ISSUES TO BE DECIDED

a. Does the Plaintiff's Second Amended Complaint allege sufficient facts to state a claim for relief under CIPA when DDR used TCPA Guardian to create motion pictures showing how users interacted with its website for the purposes of verifying compliance with Federal law?

b. Does the Plaintiff's Second Amended Complaint allege sufficient facts to show Article III injury when DDR used TCPA Guardian to create motion pictures showing how users interacted with its website for the purposes of verifying compliance with Federal law when no injury beyond entitlement to statutory damages is pleaded?

## II. SUMMARY OF RELEVANT FACTS

a. The Second Amended Complaint alleges that DDR Media, LLC d/b/a Royal Marketing Group (hereinafter "DDR" or "Royal Marketing Group") used a service called TCPA Guardian sold by Defendant Lead Intelligence, Inc. ECF No. 66 ¶ 5-11.

b. TCPA Guardian enabled the tracking of keystroke, clicks, IP addresses, and geographic location of a website's users, while they are using the website, by capturing a motion picture of how they are interacting with the website and DDR allegedly used TCPA Guardian on its website that was accessed by the Plaintiff. ECF No. 66 ¶ 20-35.

c. The Second Amended Complaint further alleges that Defendant Lead Intelligence, Inc took the Plaintiff's name, address, and telephone number, and stored that information. ECF No. 66 ¶ 22. Ostensibly, the Plaintiff gave the information voluntarily by filling out a form.

d. This information taken by TCPA Guardian is allegedly stored as motion picture on Lead Intelligence, Inc's servers and is accessible via hyperlink by DDR. ECF No. 66 ¶ 25.

e. The Second Amended Complaint further alleges that TCPA Guardian works the same way for every user of the website. ECF No. 66 ¶ 26.

f. It further alleges that using this service violated CIPA. ECF No. 66 ¶ 45-55.

g. It further alleges upon information and belief, that thousands of California citizens have accessed this website and have suffered injuries arising from these alleged violation(s) of California law. ECF No. 66 ¶ 38.

h. It further alleges that, given these facts, DDR is liable to Plaintiff and the class to Plaintiff and other class members statutory damages. ECF No. 66 ¶ 55.

i. It further alleges that, given these facts, Plaintiff and the class are entitled to injunctive relief. ECF No. 66 ¶ 55.

## III. LEGAL STANDARD

a. A complaint only survives a Fed. R. Civ. P. Rule 12(b)(6) attack if it presents sufficient factual allegations that plausibly state a claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint's well-pleaded allegations are accepted as true for this inquiry, but conclusory allegations are to be disregarded. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A Plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." Id.

b. A defendant's Fed. R. Civ. P. Rule 12(b)(1) jurisdictional attack can be either facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). This is a facial attack on standing and the court must accept all allegations of fact in the complaint as true and construe them in the light most favorable to the plaintiff. *See Warren v.*

*Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). However, the court is not obligated to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

c. If the Court finds that a "pleading could not possibly be cured by the allegation of other facts" it must deny leave to amend the pleading. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## IV. LEGAL ARGUMENT

### a. <u>The Complaint Fails to State a Claim Because It Does Not Describe Any Violation of Law</u>

The whole purpose of a complaint is to put a defendant on notice of a claim against, and it is axiomatic that a complaint must contain sufficient facts that demonstrate that a defendant committed some sort of misconduct that may be remedied judicially. In this case, the Complaint describes how DDR uses technology to document how users of its website interact with it so that DDR can maintain compliance records showing their compliance with Federal law, specifically the Telephone Consumer Protection, 47 USC § 227, et seq. ("TCPA"). It then calls this effort to comply with Federal law illegal wiretapping in violation of Cal. Penal Code § 631(a).[1]

The Complaint does not describe illegal wiretapping or eavesdropping. It describes an entirely legal effort by DDR to comply with Federal law by recording a motion picture of how a person like the Plaintiff interacted with their website using a vendor's cloud-based solution. Because everything alleged in the Complaint was legal, the Complaint must be dismissed.

---

1 The Complaint almost exclusively uses the word "wiretapping" and mentions "eavesdropping" only once when describing use of TCPA Guardian.

Although the Second Amended Complaint contained additional information, Plaintiff still has not sufficiently alleged that a third-party (Defendants) read, attempted to read, or learned (or attempted to learn) the contests or meaning of its communication.

**i. <u>Cal. Penal Code § 631(a) Only Applies to Intentional Wiretapping or Willful Attempts to Learn the Contents of a Communication in Transit by a Non-Party and the Complaint's Allegations Show DDR Nor Lead Intelligence, Inc Was Doing Either</u>**

As applied to DDR, Cal. Penal Code § 631(a) prohibits the aiding or conspiring of a third-party to use electronic means to "learn the contents or meaning" of any "communication" "without consent" or in an "unauthorized manner" while "in transit." *See also e.g. People v. Ratekin*, 212 Cal. App. 3D 1165, 1168 (1989); *People v. Soles*, 68 Cal. App. 3d 418, 420 (Cal. App. 1977). If it was DDR alone who made and kept these videos, there would be no case against DDR.

The motion pictures and associated information created by TCPA Guardian are the functional equivalent of video surveillance by a business owner documenting how a customer is openly behaving in their store, something so ubiquitous that a court found it hard to imagine how that would "somehow intrude on a legally recognized privacy right." *See Vo v. City of Garden Grove*, 9 Cal. Rptr. 3d 257, 277 (Cal. App. 2004).

But even if this Court rejects that analogy, this is not wiretapping or eavesdropping to begin with, and even if it were, DDR and Lead Intelligence, Inc are exempt from liability as a party to communications. *See Warden v. Kahn*, 99 Cal. App. 3D 805, 811 (Cal. App. 1979) ("[S]ection 631 . . . has been held to apply only to eavesdropping by a third party and not to recording by a participant to a conversation."); *see also Rogers v. Ulrich*, 52 Cal. App. 3d 894, 899 (1975).

This interpretation is consistent with the approach of other judges in this district when confronted with website tracking like this. *See Graham v. Noom, Inc.*, 533 F. Supp. 3d 823,

832-33 (N.D. Cal. 2021). That case is nearly identical to the case before this Court and discussion of its reasoning is helpful to understand why there is no eavesdropping here. *Graham* involved a website that used a third-party service to record a motion picture showing how people used its website. *See id*. at 827-28. Plaintiff brought suit against the website under the theory that the website aided and abetted the third-party's eavesdropping. *See id*. at 831. The court dismissed the case and held that the third-party was merely a "vendor that provides a software service that captures its clients' data, hosts it on [vendor]'s servers, and allows the clients to analyze their data." *See id.* at 831-32.

Capturing and hosting that data so that clients could analyze it was providing a tool in aid of the website's business, not third-party eavesdropping. *See id*. There was no allegation that the third-party "intercepted and used the data itself" and it acted as an extension of the website; it was a tool used by a party, like a tape recorder. *See id*. at 831. Because there was no wrongdoing by the third-party, the website was not liable. *See id*. at 832. This reasoning has been applied in other cases. *See Johnson v. Blue Nile, Inc.*, 2021 WL 1312771, at *2 (N.D. Cal. Apr. 8, 2021) ("[F]or the reasons stated in *Graham v. Noom*, [vendor] is not a third- party eavesdropper. As a result, [company] is not liable for aiding and abetting [vendor's] wrongdoing because there is no wrongdoing."); *Yale v. Clicktale, Inc.*, 2021 WL 1428400, at *3 (N.D. Cal. Apr. 15, 2021) ("[F]or the reasons stated in Noom, [vendor] is not a third- party eavesdropper. It is a vendor that provides a software service that allows its clients to monitor their website traffic."); *Williams v. What If Holdings, LLC et al*, No. C 22-03780 WHA, 2022 WL 17869275 at *3-4 (N.D. Cal. Dec. 22, 2022) (holding that both the website operator and its vendor, were parties to plaintiffs' communications and therefore exempt from wiretapping liability.).

Plaintiff continues to cite two cases in its Second Amended Complaint that allegedly stand for finding that use of TCPA Guardian is wiretapping. All three are readily distinguishable on their facts alone and demonstrate why DDR's use of TCPA Guardian is not wiretapping.

*Matera v. Google LLC* involved the allegation by non-Gmail users that Google was intercepting emails in transit when they sent emails to or received emails from Gmail users because Google would scan and analyze the contents of the email to create target advertisements and user profiles. *See* 2016 WL8200619, at *21 (N.D. Cal. Aug. 12, 2016) Google argued that CIPA did not apply because emails were not covered by the Act and the court rejected that argument. *See id*.

The Complaint does not allege anything like intercepting private emails between two different people to create targeted advertising and user profile. It alleges that TCPA Guardian merely captured a video of what Plaintiff was doing on the Defendant's website to keep records to assist in compliance with Federal law.

*In re Facebook Internet Tacking Litigation* involved Facebook inserted code on third-party websites that directed a user's browser to duplicate its requests made to the third-party website and sent the duplicate requests to Facebook so Facebook could track its users web browsing even when not logged into Facebook. *See* 956 F. 3d 589, 607 (9th Cir. 2020). Facebook was not a party to those communications because it was simply instructing browsers to duplicate the requests it was making to third-party websites and send the duplicates to Facebook. *See id*, at 608. Facebook was not providing a service to the third-party websites to assist in complying with Federal law, it was simply mining for data on its users when they were not even using Facebook's website. *See id*.

The most recent case that would support the Plaintiff, *Javier v. Assurance IQ, LLC*, because it departs from the reasoning in *Graham* and holds that tools like TCPA Guardian are eavesdropping by a third-party, but even that case is distinct on the facts. *See* No. 20-CV-02860-CRB, 2023 WL 114225, at * 6 (N.D. Cal. Jan. 5, 2023). In that case, the Plaintiff alleged that the third-party had the capability to use this collected information for another purpose other than keeping a recording for its client's use. *See id.* In this case, there are no allegations that state Lead Intelligence, Inc created and kept these motion pictures for any other purpose than providing DDR with records to ensure TCPA compliance. If the Complaint in *Javier* was so lacking, the case would have been dismissed on that ground. *See id*.

This Court should follow the lead set in *Graham* and dismiss this claim for failure to state a claim because there are no additional facts pleaded that show any sort of misconduct under CIPA.

**ii. Section 631(a) Applies to a Communications With a Message, Recordings of How a Person Interacts With a Website Contains No Message to Convey**

Cal. Penal Code § 631(a) prohibits the unauthorized access of the contents of any communications. A communication's content is "the intended message conveyed by the communication." *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014). This means that "record information regarding the characteristics of the message that is generated in the course of the communication" such as "the name, address and subscriber number or identity of a subscriber or customer" are not the intended message, they are "characteristics of the message that is generated in the course of the communication." *See id*.

The information allegedly wiretapped in this case falls squarely into "record information" rather than "contents" because this alleged motion picture did not convey a message that the Plaintiff was making. The motion picture created and stored by TCAP

Guardian is merely an observation of a user's behavior while interacting with a publicly available website. The motion picture captures characteristics of the communications, not the contents of the communication. TCPA Guardian was simply a tool DDR used to verify legal compliance through documentation of how user interacted with the website. It did not discern anything beyond the characteristics of messages created in the course of the communication of those messages. What TCPA Guardian did was pure observation in real time of what users were actually doing to help DDR verify compliance with Federal law and the Court must dismiss this claim pursuant to Rule 12(b)(6).

All of the new information included in Plaintiff's Second Amended Complaint are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. There continues to be no allegations that Jornaya has in fact acted as a third-party eavesdropper or that the information was intercepted in transit. Jornaya's TCPA Guardian software is more akin to a tape recorder as opposed to a "secret listener."

There are no new allegations that Jornaya or DDR intercepted and used the data itself. The newly added information from Plaintiff does not describe actual or factual steps taken by Defendants to "read, or attempt to read, or to learn the contents or meaning of the communication." Cal. Penal Code § 631(a). The newly added information does not describe any allegations that Defendants have analyzed or used Plaintiff's recorded communications. As the Court has previously found, in the Order Granting Motions to Dismiss issued on August 18, 2023, Jornaya has merely recorded the communication for retrieval by a party to the same communication.

Plaintiff's Second Amended Complaint adds allegations that *if* DDR *wished* to receive playback from Jornaya, DDR would need to make the specific request. The Plaintiff goes on to unreasonably infer that Jornaya would then be required to read, or attempt to read,

or learn the contents or meaning of the communication, in order to fulfill DDR's request, as well as analyze the communication, "in order to function." Even if Jornaya would need to retrieve stored data to fulfil a request, that does not necessarily equate to Jornaya also reading or analyzing the data/communications.

Further, Plaintiff now provides generic information that Jornaya provides subscribers "TCPA Compliance Adoption Reports," "Real-Time Decisions Solutions," and also assigns colored flags to leads. Unreasonably inferring that in order for Jornaya to create these reports or apply these features, it must have read and learned the content of the communications at issue, or attempted to do so. Plaintiff is making unwarranted deductions and assumptions without legitimate support.

**b. The U.S. Constitution Prohibits this Court From Hearing this Case Because the Plaintiff Fails to Allege an Injury in Fact**

"[U]nder Article III, an injury in law is not an injury in fact. *Transunion LLC v. Ramierez*, 141 S. Ct. 2190, 2205 (2021). This Court is one with its jurisdiction expressly limited by the Constitution and it expressly limits jurisdiction to "cases or controversies" where there is an injury in fact. *See id*. The Complaint alleges no injury in fact, merely an injury in law, and this Court must dismiss the case.

Simply because a statute grants a person a statutory right and authorizes that person to sue to vindicate that right, that does not mean that this Court can hear this suit. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). A Plaintiff must "present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged behavior; and likely to be redressed by a favorable ruling." *Davis v. Federal Election Comm'n*, 554 U.S. 724, 733 (2008). The law requires an alleged injury to be based on a "physical, monetary, or cognizable intangible harm traditionally recognized as providing a basis for a lawsuit in American courts." *See Transunion*, at 2206. A person suing without

such "is merely seeking to ensure a defendant's compliance with regulatory law (and, of course, to obtain some money via the statutory damages)" and that is not grounds for Article III standing. *See id*.

Simply put, there is no allegation of injury in the Second Amended Complaint at all beyond a claim for statutory damages. Even if DDR violated California law when it used TCPA Guardian to ensure its compliance with Federal law, that violation of California law did not cause the Plaintiff any harm. There is no allegation of harm because any harm the Plaintiff suffered from capturing a motion picture of their interaction with a website is akin to the harm suffered by someone who is captured on video surveillance in a convenience store buying soda, none. There are no allegations regarding reputational damage or emotional distress because none occurred. It is exactly the same as the Plaintiffs in *Transunion* who could not point to how false information on their credit report hurt them when there was no evidence anyone even saw or relied on that false information. Plaintiff in this case cannot point to any actual injury.

While the Second Amended Complaint uses the word wiretapping to cast aspersion on DDR's use of TCPA Guardian to create an assumption of injury, what the Complaint actually describes is a website owner documenting how people are using its website so it can maintain compliance with Federal law using modern tools like scripts and cloud-based storage. Because there is no injury in fact pleaded, this Court must dismiss the Second Amended Complaint because the Court lacks subject matter jurisdiction.

## V. CONCLUSION

The Second Amended Complaint fails to state a claim and fails to show any injuries even if it did state a claim. Nothing the Second Amended Complaint describes is unlawful

or unfair. This Court must dismiss the Plaintiff's Second Amended Complaint pursuant to either Fed. R. Civ. P. 12(b)(6) or Rule 12(b)(1).

Defendant further requests that this Court find that this Second Amended Complaint cannot possibly be cured by allegations of any additional *facts* and deny Plaintiff leave to amend any further.

Respectfully Submitted NOVEMBER 3, 2023.

BAKER LAW GROUP, LLC

By: *<u>/s/Joseph A. O'Keefe</u>*
Joseph A. O'Keefe

***Attorney for Defendant***
***Royal Marketing Group***

**Attestation re Electronic Signatures**

I, Joseph A. O'Keefe, attest pursuant to Northern District of California Local Rule 5-1(i)(3) that all other signatories to this document, on whose behalf this filing is submitted, concur in the filing's contents, and have authorized this filing. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: November 3, 2023.

BAKER LAW GROUP, LLC

By: *<u>/s/Joseph A. O'Keefe</u>*
Joseph A. O'Keefe

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2023, a true and correct copy of the foregoing was electronically filed and served, pursuant to 28 U.S.C. § 1746, via CM/ECF, addressed to the following:

Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Steven L. Woodrow (admitted *pro hac vice*)
swoodrow@woodrowpeluso.com
Patrick H. Peluso (admitted *pro hac vice*)
ppeluso@woodrowpeluso.com
Taylor T. Smith (admitted *pro hac vice*)
tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0676
Facsimile: (303) 927-0809
***Counsel for Plaintiff***

Aravind Swaminathan
**Orrick, Herrington & Sutcliffe**
701 5th Avenue, Suite 5600
Seattle, WA 98104
(206) 839-4300
Fax: (206) 839-4301
Email: aswaminathan@orrick.com

Rebecca Clair Harlow
**Orrick Herrington & Sutcliffe LLP**
The Orrick Building
405 Howard Street
San Francisco, CA 94105
(415) 415-773-5598
Email: rharlow@orrick.com
***Counsel for Jornaya***

BAKER LAW GROUP, LLC

*By: /s/Joseph A. O'Keefe*
Joseph A. O'Keefe