Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison, Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Patrick H. Peluso (admitted *pro hac vice*)
ppeluso@woodrowpeluso.com
Steven L. Woodrow (admitted *pro hac vice*)
swoodrow@woodrowpeluso.com
Taylor T. Smith
tsmith@woodrowpeluso.com (admitted *pro hac vice*)
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Loretta Williams**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**DDR Media, LLC**, a Pennsylvania limited liability company, **d/b/a Royal Marketing Group**, and **Lead Intelligence, Inc.**, a Delaware corporation, **d/b/a Jornaya**<br><br>Defendants. | Case No. 3:22-cv-03789-SI<br><br>**PLAINTIFF'S COMBINED RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Date: January 12, 2024<br>Time: 10:00 a.m.<br><br>Judge: Hon. Susan Illston |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii

I.   INTRODUCTION ........................................................................................................ 1

II.  BACKGROUND .......................................................................................................... 1

III. ARGUMENT ................................................................................................................ 2

   A. Plaintiff Has Adequately Stated Her Claim For Relief Against Defendants For Violation Of CIPA's Wiretapping Prohibition ......................................... 3

      1. Jornaya's involvement is akin to that of an eavesdropper, not a tape recorder—it read and learned the contents of Plaintiff's communication. ................................................................................... 4

      2. Plaintiff's communications were intercepted by Jornaya while in transmission to DDR. ....................................................................... 10

      3. Plaintiff's personal information was the intended message conveyed in the communication and, thus, the "contents" of her communication. ................................................................................. 12

   B. Plaintiff's Allegation That Defendants Violated Her Privacy Rights Under CIPA Is Sufficient Harm To Confer Standing. ........................................... 14

IV.  CONCLUSION .......................................................................................................... 15

RESPONSE IN OPPOSITION TO
MOTIONS TO DISMISS                   i

**TABLE OF AUTHORITIES**

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................. 3

*Conley v. Gibson,* 355 U.S. 41 (1957) ............................................................................................ 3

*Great Minds v. Off. Depot, Inc.*, 945 F.3d 1106 (9th Cir. 2019) ................................................ 3, 7

*In re Vizio, Inc., Consumer Priv. Litig.*, 238 F. Supp. 3d 1204 (C.D. Cal. 2017) ........................12

*In re Zynga Priv. Litig.*, 750 F.3d 1098 (9th Cir. 2014) .................................................................13

*Javier v. Assurance IQ, LLC*, No. 20-CV-02860-CRB,

    2023 WL 114225 (N.D. Cal. Jan. 5, 2023) ........................................................................... 5

*Licea v. Cinmar, LLC*, No. CV 22-6454-MWF (JEM),

    2023 WL 2415592 (C.D. Cal. Mar. 7, 2023) .................................................................12, 15

*Matera v. Google Inc.*, No. 15-CV-04062-LHK,

    2016 WL 8200619 (N.D. Cal. Aug. 12, 2016) ........................................................... 4, 14–15

*Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001) ........................................................................3 7

*Osgood v. Main Streat Mktg., LLC*, Case. No. 16-cv-2415-GPC (BGS),

    2017 WL 131829 (S.D. Cal. Jan. 13, 2017) ..........................................................................14

*Raffin v. Medicredit, Inc.*, No. 15-cv-4912-GHK-PJW,

    2016 WL 7743504 (C D. Cal. Dec. 19, 2016) ......................................................................14

*Tippitt v. Life Ins. Co. of N. Am.*, No. 17-CV-00125-VC,

    2017 WL 3189464 (N.D. Cal. May 30, 2017) ....................................................................... 7

*Underhill v. Kornblum*, No. 16-CV-1598-AJB-WVG,

    2017 WL 2869734 (S.D. Cal. Mar. 16, 2017) ......................................................................12

*United States v. Reed*, 575 F.3d 900 (9th Cir. 2009) .............................................................12–13

*Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073 (C.D. Cal. 2021) .......................................10

**STATUTES, RULES, SECONDARY SOURCES**

Cal. Penal Code § 631, *et seq.* ...............................................................................................*passim*

## I. INTRODUCTION

This case challenges Defendants DDR Media, LLC d/b/a Royal Marketing Group's ("DDR") and Lead Intelligence, Inc. d/b/a Jornaya's ("Jornaya") (collectively "Defendants") violations of the California Invasion of Privacy Act, Cal. Penal Code 631 ("CIPA"). Plaintiff alleges that Defendants conspired and engaged in serial wiretapping of electronic communications made by visitors to DDR's websites. After her First Amended Complaint was dismissed for insufficient allegations of a third party reading, learning, or attempting to read or learn the contents of her communications, Plaintiff filed a Second Amended Complaint ("SAC") to cure the identified deficiency. In response to Plaintiff's SAC, Defendants have each filed a renewed motion to dismiss, reviving the same arguments and contending that Plaintiff's new allegations supposedly don't move the needle. (Dkt. 69, 70.) However, Plaintiff adequately states a claim for relief against Defendants—she alleges that third-party Jornaya intercepted her communications while they were in transit to DDR, and Jornaya's own playback feature confirms that it read and learned the contents of her communications, as it must to verify her "lead." DDR engaged Jornaya to record the communication, akin to a third-party eavesdropper hired to surreptitiously recorded a conversation between two parties. As explained below, the Court should deny the latest motions to dismiss filed by Defendants and permit this matter to proceed.

## II. BACKGROUND

Williams filed her Complaint on June 27, 2022, alleging that Defendants violated CIPA by wiretapping Plaintiff's communications on the DDR website.[1] (*See* Dkt. 1 at ¶¶ 1–3, 12–13.) Plaintiff seeks to certify a class action on behalf of all consumers whose communications made to DDR through its websites were likewise unlawfully intercepted or recorded without consent. (*Id.* ¶¶ 26–28.) To redress Defendants' unlawful conduct, Plaintiff seeks statutory damages for herself and the class members, as well as injunctive relief requiring DDR and Jornaya to cease their

---

[1] Plaintiff also alleged claims for violation of California's constitutional right to privacy and unfair competition law, but Plaintiff conceded her UCL claim and she has not renewed her constitutional claim in the SAC. (*See* Dkt. 1 at ¶¶ 47–58.)

RESPONSE IN OPPOSITION TO MOTIONS TO DISMISS               1

unauthorized wiretapping practices. (*Id.* ¶ 27.)

Following an unsuccessful motion to compel arbitration and an agreed amendment to Plaintiff's complaint to clarify DDR's "d/b/a" name (dkt. 36, 43), Defendants filed motions to dismiss Plaintiff's First Amended Complaint on April 12 and April 13, 2023, arguing failure to state a claim and lack of jurisdiction. (Dkt. 47, 48.) The Parties briefed the motions, and following oral argument, the Court granted Defendant's motions to dismiss on August 18, 2023. (Dkt. 64.) With regard to Plaintiff's CIPA claim, the Court reasoned that Jornaya was "more akin to a tape recorder vendor than an eavesdropper" because it could think of "no sense in which Jornaya has read, attempted to read, or learned the contents or meaning of the communications at issue." (*Id.* at 6–7.) Accordingly, because the statute penalizes reading, learning, or attempting to read or learn the contents of the communication, the Court found that Plaintiff had failed to state a claim. (*Id.*) The Court stated that Plaintiff could amend her complaint by September 20, 2023, and she did so. (*Id.* at 11; Dkt. 66.)

Plaintiff's SAC contains numerous allegations detailing Jornaya's processing and engagement with the communications it records. (Dkt. 66 at ¶¶ 25–34.) Put simply, Plaintiff alleges that Jornaya doesn't just "record the communication for retrieval by a party to the same communication"—Jornaya "actively reads or learns (or attempts to read or learn) the contents or meaning of the communications at issue." (*Id.* ¶ 30.) As Plaintiff alleges, and as can be seen in the playback function linked in the report that Jornaya provides, Jornaya **must** read and learn the contents of a communication in order to confirm lead information. (*Id.*; *see also* Dkt. 66-1 at 5[2].)

### III.   ARGUMENT

In their motions, Defendants once again ask the Court to dismiss Plaintiff's CIPA claim, asserting that Plaintiff has failed to state a claim and lacks standing. In addition to reviving arguments seen in the previous motions to dismiss, Jornaya provides considerable details about its

---

[2] https://vp.leadid.com/playback/362C814B-AC01-2951-0637-0F1FF4511319?key=1639146863454 (last visited December 1, 2023).

RESPONSE IN OPPOSITION TO
MOTIONS TO DISMISS

2

processes and materials in an attempt to refute Plaintiff's allegations that the content of her communications was read or learned, but this information at best creates a factual dispute, especially in light of Jornaya's playback link that plainly indicates its knowledge of the content of Williams' communication to DDR. Defendant's arguments for dismissal fail—Plaintiff has adequately stated a claim for relief under CIPA, and her SAC alleges that Jornaya read or attempted to read or learn the content of her communication. Further, she has standing to bring her claim. Accordingly, and as explained below, Defendants' motions to dismiss should be denied.

To survive a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 555. In ruling on a motion to dismiss, the court's task is to test the legal sufficiency of claims: "a claim may be dismissed only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46 (1957)).  In making the determination, the court must accept all factual allegations and draw every reasonable inference from those facts in favor of the non-moving party. *Id.*; *Great Minds v. Off. Depot, Inc.*, 945 F.3d 1106, 1109 (9th Cir. 2019).

**A.     Plaintiff Has Adequately Stated Her Claim For Relief Against Defendants For Violation Of CIPA's Wiretapping Prohibition.**

Section 631(a) of CIPA prohibits a number of actions relating to wiretapping. It contains four distinct clauses, each of which constitutes a unique violation—a person may not (1) "intentionally tap" or make an unauthorized connection with a telegraph or telephone wire; (2) willfully and without consent "read or attempt to read or learn" the contents of a message or communication while it is in transit; (3) "use or attempt to use" any information so obtained; or (4) "aid, agree with, employ, or conspire" with any person to do any of the above. CAL. PENAL

CODE § 631(a). The "paramount objective of the [Electronic Communications Privacy Act] is to protect effectively the privacy of communications," and while the first clause expressly applies to tapping of telegraph or telephone wires, the remainder of Section 631(a) is not limited to phone lines. *See, e.g.*, *Matera v. Google Inc.*, No. 15-CV-04062-LHK, 2016 WL 8200619, at *21 (N.D. Cal. Aug. 12, 2016). Accordingly, Plaintiff alleges that: (1) Jornaya violated the second prong of Section 631(a) by intercepting and learning the contents of her communication with DDR; and (2) DDR violated the fourth prong by "partner[ing] with (and conspir[ing] with) Jornaya" to do so. (Dkt. 66 at ¶¶ 47–52.)

Defendants contend for various reasons that Williams' CIPA claim cannot proceed, broadly seeking to discredit the claim in three ways: (1) Defendants argue that Jornaya did not "read, attempt to read, or learn," the contents of Plaintiff's communication; (2) Jornaya argues that its real-time recording of Plaintiff's activity and submission on DDR's website does not constitute "interception" of a communication "in transit"; and (2) DDR claims that Jornaya's recording does not include "contents" of communications made by Plaintiff. As explained below, each of these arguments is without merit, and Plaintiff has adequately stated a claim for relief under CIPA on which she should be permitted to proceed.

### 1. Jornaya's involvement is akin to that of an eavesdropper, not a tape recorder—it read and learned the contents of Plaintiff's communication.

Given that the Court's dismissal of Plaintiff's First Amended Complaint was based on a lack of allegations related to whether Jornaya "read or attempted to read or learn" the contents of Plaintiff's message, Defendants' motions both center on the contention that Williams' amendment is supposedly insufficient to cure the identified deficiency. In other words, Defendants continue to assert that Jornaya does not qualify as a third party liable under CIPA—and that Jornaya should be treated akin to a tape recorder used by a party to the communication rather than a third-party eavesdropper—because it did not read or learn the contents of Plaintiff's communication.

RESPONSE IN OPPOSITION TO           4
MOTIONS TO DISMISS

Jornaya's spirited attempts to refute Plaintiff's new allegations create factual disputes at best, and they cannot undermine the reality of Jornaya's playback "match data" feature, which plainly demonstrates it has read and learned the information that Williams communicated to DDR.

The fourth prong of Section 631(a) imposes liability on anyone who "aids, agrees with, employs, or conspires with any person" to engage in "any of the acts or things" prohibited by the other three prongs of the statute. CAL. PENAL CODE § 631(a). Thus, if Jornaya is liable for intercepting and willfully learning the contents of Plaintiff's communication with DDR, then DDR may be liable for employing or conspiring with Jornaya to do so—this is the nature of Plaintiff's CIPA claim. (Dkt. 66 at ¶¶ 50–52) ("[DDR] partnered with (and conspired with) Jornaya to achieve the unlawful conduct described herein."). Though Jornaya's code was implemented on DDR's website, Plaintiff alleged sufficient details to demonstrate that Jornaya is an independent third party that collects, stores, and processes the recordings at issue. (*See id.* ¶¶ 5–12, 25) ("All TCPA Guardian videos are hosted on Jornaya's servers, and to access the videos one must follow a hyperlink provided by Jornaya. Moreover, Jornaya independently collects and stores information provided by web users on the websites of its clients.")

While Defendants' previous motions to dismiss argued that they were not liable because Jornaya didn't use the recording in some way, the Court declined to dismiss on the basis of use, finding the point addressed in *Javier*—that "use" should not be read into the other prongs when one prong already penalizes use—"well-taken." (Dkt. 64 at 6–7) (citing *Javier v. Assurance IQ, LLC*, No. 20-CV-02860-CRB, 2023 WL 114225, at *6 (N.D. Cal. Jan. 5, 2023)). However, the Court instead dismissed based on the requirement in CIPA's second prong that the third party "reads, or attempts to read, or to learn the contents or meaning of" the intercepted communication. (*Id.*) The Court found that Plaintiff had not sufficiently alleged reading, learning, or the attempt thereto by Jornaya, and thus concluded that Jornaya was more akin to a tape recorder vendor. (*Id.*) Accordingly, Plaintiff filed her Second Amended Complaint, containing the following factual allegations related to Jornaya's reading or learning of the communication:

RESPONSE IN OPPOSITION TO                 5
MOTIONS TO DISMISS

- Jornaya's website hosts a diagram indicating that it can "route leads based on consent" (dkt. 66 at ¶ 28);
- Jornaya stores recordings internally, and only provides recording playbacks upon request (*Id.* ¶ 29);
- Jornaya "**must** read and learn the content of the communications" as it tracks lead events in order to route leads, retrieve stored data, and create visual playbacks (*Id.* ¶ 30);
- Jornaya can assign flags to leads indicating their quality, which requires reading and learning the contents of the communication (*Id.* ¶ 33); and
- Jornaya enables its customers to "confirm and supplement consumer-provided data on the lead form," which involves reading or attempting to read or learn the content of the communications. (*Id.* ¶ 34.)

Each of these factual allegations—which must be taken as true on a motion to dismiss—give rise to the reasonable inference that Jornaya read, learned, or attempted to read or learn the contents of Plaintiff's communication as it recorded her visit to DDR's website. In its motion to dismiss, Jornaya spends considerable time providing additional context and citations to the documents referred to in the complaint, in an attempt to argue that Jornaya's documents themselves, not Plaintiff's allegations, should control and provide the basis for the Court's analysis. (Dkt. 66 at 2, 3–10.) However, the materials cited expanded upon by Jornaya do not definitively indicate or resolve the question of whether Jornaya reads or learns the contents of recorded communications; rather, Plaintiff refers to and incorporates the various materials that she contends support the inference that Jornaya **must** read or learn the contents of the messages to perform functions for its customers. Jornaya's motion seeks to clarify numerous functions, and in doing so it asks the Court to adopt its alternative inference—that Jornaya supposedly does not need to read or know the contents of the messages to provide its services. Accordingly, Jornaya's presentation of an alternative inference creates a dispute as to the material fact of whether Jornaya

RESPONSE IN OPPOSITION TO          6
MOTIONS TO DISMISS

read or learned the content of Defendant's communication. A motion to dismiss, however, "is not an appropriate mechanism for resolving factual disputes." *Tippitt v. Life Ins. Co. of N. Am.*, No. 17-CV-00125-VC, 2017 WL 3189464, at *1 (N.D. Cal. May 30, 2017). Instead, a motion to dismiss tests legal sufficiency: a claim may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Navarro*, 250 F.3d at 732. Thus, in making that determination, the Court must accept factual allegations and draw every reasonable inference from those facts in favor Plaintiff as the non-moving party. *Id.*; *Great Minds*, 945 F.3d at 1109. At this stage of the pleadings, Plaintiff has met her burden, and to the extent additional evidence regarding Jornaya's reading or learning of the contents of her communication is necessary to support her claim, such evidence may only become available to Plaintiff through discovery.

Nevertheless, and even if Jornaya's expanded incorporation of documents successfully refuted Plaintiff's factual allegations (it does not), the playback link provided—which has been included with every iteration of the complaint—strongly suggests (if not outright indicates) that Jornaya read or learned the contents of Plaintiff's communications. Jornaya asserts that "[p]ersonally identifiable information entered by the visitor, such as their name, address, or phone number, is irrelevant" to the consent determination and therefore is supposedly "not capture[d] and store[d]" by TCPA Guardian. (Dkt. 69 at 7.) Though the text report may only feature a claim ID, not only does Jornaya's playback link reveal that personal information is collected and stored but that it is read and learned by Jornaya in order to enable an inquiry match. (*Compare* Dkt. 66-1 at 4, *with* Dkt. 66-1 at 5.[3]) The playback link contains a "Match Data" feature, which allows a viewer to input a first name, last name, phone number, and email address to confirm whether they match the information that the lead provided. The playback also includes an overlay option, which displays exactly where on the webpage a visitor typed the matching personal information.

---

[3] https://vp.leadid.com/playback/362C814B-AC01-2951-0637-0F1FF4511319?key=1639146863454

RESPONSE IN OPPOSITION TO                  7
MOTIONS TO DISMISS

Below is a screenshot of the playback for Plaintiff's lead event, containing personal information that does not match what Williams entered into the website:



RESPONSE IN OPPOSITION TO
MOTIONS TO DISMISS                             8

When an incorrect name is entered into the data fields, a red "X" indicates that it does not match Jornaya's recording. However, a checkmark indicates an input that matches the recorded communication, as seen below in a screenshot containing Plaintiff's name:

**VISUAL PLAYBACK**

Full Page Snapshot 1:23

1:23 / 1:23

Match Data | Audit Results | FAQs

**MATCH DATA**
Enter values to see if those values match what was actually entered during the lead event.

First Name: Loretta ✓
Last Name: Williams ✓

Phone

Email

To see if additional fields match, enter the data values in the fields below

Add Field

✓ - Match
✗ - No Match Found
✓ - Match to URL Parameter Value

☐ Visual Playback Data Overlay

RESPONSE IN OPPOSITION TO          9
MOTIONS TO DISMISS

Here, because the playback link is specific to Plaintiff's visit and communication to DDR's website, entering her personal information results in a match. In order for Jornaya to confirm whether typed information on the playback page matches a lead event, it stands to reason that it must read or learn the contents of the underlying communication. Plaintiff's personal information was the content of her communication to DDR, and Jornaya's recording playback reveals that Jornaya read or learned that information in order to compare to inputs and verify a match. Accordingly, and to address the deficiency identified by the Court in its order of dismissal, Jornaya has read or learned the content of intercepted communications, and it may be held liable as a third party eavesdropper, not merely a tape recording device.

Plaintiff is not inclined to adopt Jornaya's inferences at face value, and neither should the Court. Ultimately, the issue of whether Jornaya is more akin to a tape recorder or an eavesdropper "is a question of fact for a jury, best answered after discovery into the storage mechanics of" its system. *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1081 (C.D. Cal. 2021). Jornaya may possess a more intimate understanding of its own technology—and that may remain true even after discovery—but the information available to Plaintiff at this stage of the case and the factual allegations contained in her SAC support the reasonable inference that Jornaya read or learned the contents of her communication to DDR. Taken in a light most favorable to the Plaintiff, as must be done a motion to dismiss, Plaintiff's allegations adequately state claims for relief under CIPA, and Defendants' motions to dismiss should be denied.

## 2. Plaintiff's communications were intercepted by Jornaya while in transmission to DDR.

The next basis by which Defendants seek dismissal is that there was supposedly no "interception" of a communication in transit. Jornaya contends that the communications were not intercepted during transmission—while it previously asserted that it accessed Plaintiff's communication "only *after* the information arrived at its intended destination (DDR Media's

RESPONSE IN OPPOSITION TO MOTIONS TO DISMISS        10

website)," Jornaya now simply claims there is no assertion that the information wasn't accessed "before it was transmitted or after it had reached its destination." (*Compare* Dkt. 48 at 6–7, *with* Dkt. 69 at 9–10) (emphasis in original). In light of Plaintiff's allegations, this argument falls apart.

CIPA's second clause prohibits an attempt to read or learn the contents of a communication "while the same is in transit or passing over any wire, line or cable or is being sent from or received at any place within [California]." CAL. PENAL CODE § 631(a). Here, Plaintiff has plainly alleged that, *while* she was transmitting her personal information to DDR, her personal information, keystrokes, and clicks were being recorded by Jornaya—a third party to whom she was not intending to communicate. (*See* Dkt. 66 at ¶¶ 20–26.) Williams alleges that the recording and interception "began the moment [she] and other members of the alleged Class visited the webpage," and continued until at least the moment when she submitted the information that she had typed. (*Id.* ¶¶ 23, 24.) Plaintiff was typing and communicating her information to DDR, and her actions and the content of her communication were simultaneously being recorded by Jornaya without her knowledge.

Jornaya previously asked the Court to believe that it did not access her information until "*after* it had reached its destination," but this assertion was plainly contradicted by the recording of Plaintiff's visit. (*See* Dkt. 48 at 6.) The video reveals that Jornaya recorded several screens of Plaintiff typing information into the website, prior to the point at which she would have clicked "CHECK LISTINGS" to submit the information to DDR— the recording did not occur after said information was transmitted to DDR. (Dkt. 66-1 at 5.) Jornaya now suggests that the recording may have occurred either "before [the communication] was transmitted or after it had reached its destination," as opposed to while such information was in transit. (Dkt. 69 at 19–20.) Jornaya's shifting assertion does not reflect misunderstanding of its own system, but a recognition that its previous argument failed: Jornaya did not intercept the information *after* it was transmitted, so now it seeks to leave open the possibility that it may have done so before. However, the evidence suggests (and Plaintiff logically alleges) that Jornaya was eavesdropping and recording Plaintiff's

RESPONSE IN OPPOSITION TO      11
MOTIONS TO DISMISS

actions and message *while* she was communicating to DDR.

Further, and once again, Plaintiff's allegations are factually distinguishable from those in the cases cited by Jornaya. In *In re Vizio*, the Court found that, while plaintiffs "need not prove their theory of interception on a motion to dismiss," reliance on an "inscrutable graphic with no textual explanation" was insufficient to clear the hurdle. *In re Vizio, Inc., Consumer Priv. Litig.*, 238 F. Supp. 3d 1204, 1228 (C.D. Cal. 2017). Likewise, "using the word 'intercept' repeatedly . . . . without the addition of specific facts" was insufficient in *Licea*, and the plaintiff in *Underhill* failed to suggest contemporaneous acquisition of emails while they were being sent, rather than "after they were stored" on an email server. *Licea v. Cinmar, LLC*, No. CV 22-6454-MWF (JEM), 2023 WL 2415592, at *10 (C.D. Cal. Mar. 7, 2023); *Underhill v. Kornblum*, No. 16-CV-1598-AJB-WVG, 2017 WL 2869734, at *4 (S.D. Cal. Mar. 16, 2017). Plaintiff has alleged considerably more facts than what was set forth in each of these cases—in addition to providing Jornaya's link to the playback recording, Williams plainly alleges that her visit was recorded from the moment she visited the website, well before any information reached DDR, through the point at which she concluded the communication. (Dkt. 66 at ¶¶ 20–26.)

Williams' allegations are not conclusory—her contention that Jornaya recorded her visit "in real time" is supported by her factual allegations and confirmed by the recording itself. She alleges that Jornaya intercepted the communications while they were in transit to DDR, and she supports her claim by describing the extent of the recording, which began the moment she arrived on the site and continued for the duration of her communication. She has adequately stated a claim for relief, and Jornaya's motion to dismiss on this basis should be denied.

### 3. Plaintiff's personal information was the intended message conveyed in the communication and, thus, the "contents" of her communication.

DDR renews its argument that Plaintiff's claim fails because the information intercepted and collected supposedly amounts only to record information, rather than the content of Plaintiff's communication. Record information is "data that is incidental to the use of a communication

RESPONSE IN OPPOSITION TO
MOTIONS TO DISMISS                    12

1   device and contains no 'content' or information that the parties intended to communicate." *United
2   States v. Reed*, 575 F.3d 900, 916 (9th Cir. 2009); *see also In re Zynga Priv. Litig.*, 750 F.3d
3   1098, 1106 (9th Cir. 2014) (describing record information as "information regarding the
4   characteristics of the message that is *generated in the course of the communication*") (emphasis
5   added). Thus, whether data is record information depends upon the medium of communication,
6   and it is distinct from the intended message of the communication. *Id.*

7   DDR cites to *Zynga* in an attempt to support its assertion that information like name and
8   address "fall squarely into 'record information' rather than 'contents.'" (Dkt. 70 at 7–8) (citing
9   *Zynga*, 750 F.3d at 1106). While such data could be record information, particularly in cases
10  regarding communications transmitted via phone or email, that is not the case here—Plaintiff's
11  communication with DDR consisted of the submission and confirmation of Williams' personal
12  information in order to receive some offering or "view listings." (Dkt. 66 at ¶¶ 20–24; Dkt. 66-1
13  at 5.) Her personal information and details included in the Jornaya's video recording[4] were not
14  "incidental" to her use of the website—they were, in fact, the content of her communication with
15  DDR. "Record information" incidental to her communication, which would not be subject to
16  CIPA protection, would include "the date and time of the visit, her IP address, and her geographic
17  location." (Dkt. 66 at ¶ 21.) Those items were not intended to be communicated; rather, they were
18  generated as a result of the medium of communication and simply detailed characteristics of her
19  communication. Her personal information—name, address, and phone number—was the content
20  of her communication with DDR and the message she intended to communicate. If Defendants'
21  logic were applied, personal information could never be protected, even if it were the sole content
22  and purpose of a communication.

23  DDR's argument lacks merit. The mere fact that a name, email address, or phone number

---

[4] While Jornaya's recording censors personal information entered into the form, its replay webpage enables a viewer to input personal information to verify a match, confirming that such information was, in fact, read and collected during the interception. (*See* Dkt. 43-1 at 5); https://vp.leadid.com/playback/362C814B-AC01-2951-0637-0F1FF4511319?key=1639146863454 (last viewed Apr. 25, 2023).

28  RESPONSE IN OPPOSITION TO           13
    MOTIONS TO DISMISS

could be record information in other cases does not necessarily make them so here. Plaintiff communicated with DDR, and the content of her message included her name, zip code, email address, and phone number. Here, the record information was the date and time of Williams' visit, her IP address, and her geographic location—not the very information that she sought to communicate to DDR. Accordingly, DDR's motion to dismiss on this basis should be rejected.

### B. Plaintiff's Allegation That Defendants Violated Her Privacy Rights Under CIPA Is Sufficient Harm To Confer Standing.

Finally, and as it did in the previous motion, DDR also moves for dismissal based on lack of subject matter jurisdiction, contending that Plaintiff lacks Article III standing to bring her CIPA claim. (Dkt. 70 at 14–15.) DDR repeats its argument that Williams' claim is "merely an injury in law" as opposed to an injury in fact, claiming again that the harm she suffered is "akin to the harm suffered by someone who is captured on video surveillance in a convenience store buying soda, none." (*Id.* at 10.) As before, this argument is unavailing.

Leaving aside DDR's flawed comparison of this case to video surveillance in a store, CIPA creates tangible privacy rights for individuals, and an allegation that those rights have been violated amounts to an injury in fact sufficient to confer standing:

> "[V]iolations of [p]laintiffs' statutory rights under CIPA, [even] without more, constitute injury in fact because instead of a bare technical violation of a statute, . . . a CIPA violation involves . . . a violation of privacy rights." *Osgood v. Main Streat Mktg., LLC*, Case. No. 16-cv-2415-GPC (BGS), 2017 WL 131829, at *7 (S.D. Cal. Jan. 13, 2017) (internal citation omitted); *see also Raffin v. Medicredit, Inc.*, No. 15-cv-4912-GHK-PJW, 2016 WL 7743504, at *3 (C D. Cal. Dec. 19, 2016) ("Following *Spokeo*, district courts in the Ninth Circuit consistently have concluded that, to satisfy injury in fact, a plaintiff in a CIPA action need not allege actual harm beyond the invasion of the private right conferred by the statute."); *Matera v. Google Inc.*, Case No. 15-cv-04062-LHK, 2016 WL 5339806, at *11 (N.D. Cal.

RESPONSE IN OPPOSITION TO MOTIONS TO DISMISS     14

1    Sept. 23, 2016) (denying motion to dismiss holding that alleged violations of
2    plaintiff's statutory rights under CIPA constitute concrete injury in fact under
3    *Spokeo*).

4  *Licea*, 2023 WL 2415592, at *3. The Court in *Licea* found the claim that the defendant "did not
5  inform Plaintiffs, or any of the Class Members, that Defendant was secretly recording their
6  communications or aiding, abetting, and paying third parties to eavesdrop on them" was sufficient
7  to allege a CIPA violation and, therefore, the plaintiff suffered an injury in fact to support
8  standing. The same is true here—Plaintiff has alleged that "Defendants did not inform website
9  visitors that their strokes and clicks would be recorded, much less secure prior express consent"
10 before DDR "partnered with and conspired with Jornaya" to eavesdrop on the communications
11 and violate Plaintiff's and the Class Members' privacy rights established by CIPA. (*See* Dkt. 66 at
12 ¶¶ 24, 50–52.) The harm alleged by Plaintiff is not merely an "injury in law," but an injury in fact
13 sufficient to confer standing for a CIPA claim. DDR's motion to dismiss should be denied on this
14 basis as well.

15 **IV.    CONCLUSION**

16         Defendants' motions to dismiss Plaintiff's claims should be denied. Plaintiff has met her
17 burden to plead her claim for relief under Section 631(a) of CIPA above the speculative level—
18 Jornaya intercepted her communication while it was in transit to DDR, and its role is more akin to
19 a third-party eavesdropper than a tape recorder because it reads or learns the content of the
20 communications that it records. Plaintiff has cured the deficiency identified in her previous
21 complaint, and the playback recording provided by Jornaya supports her inference. Further, she
22 has standing to bring her CIPA claim. The Court should deny Defendants' motions, permit the
23 parties to proceed, and award any such relief as it deems necessary and just.

                                            Respectfully submitted,

26 Dated: December 4, 2023                  **LORETTA WILLIAMS**, individually and on
                                            behalf of all others similarly situated,

28 RESPONSE IN OPPOSITION TO             15
   MOTIONS TO DISMISS

By: /s/ *Patrick H. Peluso*

Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison, Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Steven L. Woodrow*
swoodrow@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0676
Facsimile: (303) 927-0809

*Attorneys for Plaintiff and the Class*

* *Pro Hac Vice*

RESPONSE IN OPPOSITION TO
MOTIONS TO DISMISS

16

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on December 4, 2023.

                                                      /s/ Patrick H. Peluso