JOSEPH O'KEEFE
Baker Law Group, LLC
joseph@jbakerlawgroup.com
7035 Campus Drive, Ste. 702
Colorado Springs, Colorado 80920

LYN R. AGRE
lagre@glennagre.com
Glenn Agre Bergman & Fuentes
44 Montgomery Street, Suite 2410
San Francisco, CA 94104
Tel.: (212) 970-1602

Attorneys for Defendant
DDR Media, LLC, a Pennsylvania limited liability,
d/b/a Royal Marketing Group

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Loretta Williams, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DDR Media, LLC, a Pennsylvania limited liability company, d/b/a Royal Marketing Group, and Lead Intelligence, Inc., a Delaware corporation, d/b/a Jornaya,<br><br>Defendants. | Case No. 3:22-cv-03789-SI<br><br>Judge: Hon. Susan Illston |

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS (DOC. NO. 70)**

**AND NOW COMES,** Defendant, DDR Media, LLC, a Pennsylvania limited liability company, d/b/a Royal Marketing Group, by and through her undersigned counsel of record, replying in support of its Motion to Dismiss (Doc. No. 70), as follows:

**A. Plaintiff Second Amended Complaint (hereinafter "SAC") Still Fails to State a Claim Because it Fails to Allege Any Violation of Law.**

As it is undisputed that DDR was a party to Plaintiff's communication, Cal. Penal Code § 631(a) would only apply to DDR insofar as it prohibits DDR from the aiding or conspiring of a third-party to use electronic means to "learn the contents or meaning" of any "communication" "without

consent" or in an "unauthorized manner" while "in transit." *See also e.g. People v. Ratekin*, 212 Cal. App. 3d 1165, 1168 (1989); *People v. Soles*, 68 Cal. App. 3d 418, 420 (Cal. App. 1977). DDR maintains the information obtained by Jornaya is 'record information,' as provided in *In re Zynga Priv. Litig.*, 750 P.3d 1098, and that the content of her message, as recorded by Jornaya for DDR, is the clicks, strikes, motions, and general gestures of Plaintiff while on DDR's website.

Thus, Plaintiff's name, email address, or phone number are 'record information.' Likewise, Plaintiff's argument concerning Jornaya's search software is equally unavailing. Plaintiff maintains that since a user is able to search Jornaya's database for match data, Jornaya must be viewing, reading, and intercepting the content of a user's message when that use is on DDR's website. However, as discussed *supra*, the content of the communication is the user's movements and interactions with the website. That same user's name, email address, and phone number are *still* incidental information, just like that user's IP address, location, etc.

Furthermore, the existence of a search function in Jornaya's software does not prove that Jornaya viewed the message as it was being transmitted to DDR, it *only* proves that Jornaya is able to access and review the recordings. It is undisputed that Jornaya is a vendor of DDR, operating under a vendee relationship pursuant to terms of adhesion. In *Graham v. Noom, Inc.*, the plaintiff's case was dismissed because the Court held that the third-party was merely a "vendor that provides a software service that captures its clients' data, hosts it on [vendor]'s servers, and allows the clients to analyze their data." 533 F. Supp. 3d 823, 823-833. (N.D. Cal. 2021). The added information in Plaintiff's SAC amounts to nothing more than conclusory, unwarranted deductions of fact or unreasonable inferences. The added information does not include facts sufficient to allege either DDR or Jornaya read, attempted to read, or learn the contents or meaning of the communication, as prohibited by Cal. Penal Code § 631(a). As such, Plaintiff's SAC must be dismissed as it fails to allege sufficient facts to constitute a violation of any law.

**B. Plaintiff Does NOT Have Article III Standing.**

Plaintiff cites to multiple cases wherein Article III standing was found when an allegation of the violation of a statutorily created privacy right is made. While it is possible to confer standing by a statutory violation, no cases cited by Plaintiff state a violation of CIPA's statutory provisions ***categorically*** confers standing – as there is no such case.

Indeed, *Licea v. Cinmar, LLC* held, *inter alia*, "violations of [p]laintiffs' statutory rights under CIPA, [even] without more, constitute injury in fact because instead of a bare technical violation of a statute, . . . a CIPA violation involves . . . a violation of privacy rights.'" 2023 U.S. Dist. LEXIS 38233. The analysis, however, cannot stop here.

*Spokeo, Inc. v. Robins* specifically addressed the issue of Article III standing and its requirement in order to maintain federal court subject matter jurisdiction. 578 U.S. 330 (2016). "Our cases have established that the "irreducible constitutional minimum" of standing consists of three elements… (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 338. Additionally, Congress – and therefore, any legislature – cannot erase Article III standing requirements by statutorily allowing the right to sue an individual who would not otherwise have standing. *Id.*at 339.

To establish injury in fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555. For an injury to be "particularized," it "must affect the plaintiff in a personal and individual way. *Ibid*, n.1. A "concrete" injury must be "de facto"; that is, it must actually exist. *Spokeo* at 340. "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that

person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* at 341.

Thus, it is clear from the authorities cited herein, that Plaintiff does not categorically have Article III standing merely by alleging a violation of a statutorily created privacy right. *Licea* must be read in conjunction with *Spokeo* and *Lujan* in that Plaintiff must plead his or her injuries are "concrete and particularized" and "actual or imminent," which Plaintiff in the case at bar has plainly failed to do. As such, Plaintiff's SAC must be dismissed.

**C. Conclusion**

The Second Amended Complaint fails to state a claim and fails to show any injuries even if it did state a claim. Nothing the Amended Complaint describes is unlawful, unfair, or violates any reasonable expectation of privacy the Plaintiff had. Therefore, this Court must dismiss the Plaintiff's Amended Complaint pursuant to either Fed. R. Civ. P. 12(b)(6) or Rule 12(b)(1).

Respectfully Submitted December 15, 2023.

Baker Law Group, LLC

By: <u>*/s/Joseph A. O'Keefe*</u>
Joseph A. O'Keefe

***Attorney for Defendant***
***Royal Marketing Group***

**Attestation re Electronic Signatures**

I, Joseph A. O'Keefe, attest pursuant to Northern District of California Local Rule 5-1(i)(3) that all other signatories to this document, on whose behalf this filing is submitted, concur in the filing's contents, and have authorized this filing. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December 15, 2023.

By: */s/Joseph A. O'Keefe*
Joseph A. O'Keefe

**CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2023, a true and correct copy of the foregoing was electronically filed and served, pursuant to 28 U.S.C. § 1746, via CM/ECF, addressed to the following:

Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Steven L. Woodrow (admitted *pro hac vice*)
swoodrow@woodrowpeluso.com
Patrick H. Peluso (admitted *pro hac vice*)
ppeluso@woodrowpeluso.com
Taylor T. Smith (admitted *pro hac vice*)
tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0676
Facsimile: (303) 927-0809
***Counsel for Plaintiff***

Aravind Swaminathan
**Orrick, Herrington & Sutcliffe**
701 5th Avenue, Suite 5600
Seattle, WA 98104
(206) 839-4300
Fax: (206) 839-4301
Email: aswaminathan@orrick.com

Rebecca Clair Harlow
**Orrick Herrington & Sutcliffe LLP**
The Orrick Building
405 Howard Street
San Francisco, CA 94105
(415) 415-773-5598
Email: rharlow@orrick.com
***Counsel for Jornaya***

*By: /s/Stone L. Sirmans*
Stone L. Sirmans, Law Clerk