Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison, Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Patrick H. Peluso (admitted *pro hac vice*)
ppeluso@woodrowpeluso.com
Steven L. Woodrow (admitted *pro hac vice*)
swoodrow@woodrowpeluso.com
Taylor T. Smith
tsmith@woodrowpeluso.com (admitted *pro hac vice*)
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Attorneys for Plaintiff and the Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Loretta Williams**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**DDR Media, LLC**, a Pennsylvania limited liability company, **d/b/a Royal Marketing Group**, and **Lead Intelligence, Inc.**, a Delaware corporation, **d/b/a Jornaya**<br><br>Defendants. | Case No. 3:22-cv-03789-SI<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT JORNAYA'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: September 13, 2024<br>Time: 10:00 a.m.<br><br>Judge: Hon. Susan Illston |

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................. ii

I.    INTRODUCTION ............................................................................................................... 1

II.   BACKGROUND ................................................................................................................. 2

III.  ARGUMENT ....................................................................................................................... 8

        A.    Jornaya Read, Attempted to Read, Or Learned The Contents Or Meaning Of

                the Communications ........................................................................................... 9

        B.    Jornaya Is A Third-Party Eavesdropper ......................................................... 12

                1.    Jornaya is a separate entity from DDR and therefore is a third-party

                        wiretapper ............................................................................................... 13

                2.    Jornaya is a third-party wiretapper under the *Javier* approach ......... 14

                3.    The *Graham* approach is wrong and should not be followed. ............. 16

IV.   CONCLUSION ................................................................................................................. 17

## **TABLE OF AUTHORITIES**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ...................................................9

*Celotex Corp. v. Cattrett,* 477 U.S. 317 (1986) ...........................................................8

*Cnty. Of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148 (9th Cir. 2001).....................................9

*D'Angelo v. Penny OpCo, LLC*, 2023 WL 7006793 (S.D. Cal. Oct. 24, 2023) ...............10, 13, 16

*Flowers v. Twilio, Inc.*, 2016 WL 11684603 (Cal. Super. Ct. Aug. 2, 2016)...............................13

*Graham v. Noom, Inc.*, 533 F. Supp. 3d 823 (N.D. Cal. 2021) ......................................16

*In re Facebook, Inc. Internet Tracking Litig.*, 95 F.3d 589 (9th Cir. 2020) ...........................12, 14

*In re Zynga Priv. Litig.*, 750 F.3d 1098 (9th Cir. 2014) ...........................................12

*Javier v. Assurance IQ, LLC,* No. 20-CV-02860-CRB,

      2023 WL 114225 (N.D. Cal. Jan. 5, 2023) ........................................... *passim*

*Lake Nacimiento Ranch Co. v. San Luis Obispo Cnty.*, 841 F.2d 872 (9th Cir. 1987)...................9

*Matera v. Google Inc.*, No. 15-CV-04062-LHK,

      2016 WL 8200619 (N.D. Cal. Aug. 12, 2016) .........................................10, 11

*Ribas v. Clark*, 38 Cal. 3d 355 (1985) ........................................................ *passim*

*Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503 (C.D. Cal. 2021) ....................................13, 16

*Smith v. LoanMe, Inc.*, 11 Cal. 5th 183 (2021)...............................................14

*Tavernatti v. Superior Ct.*, 22 Cal. 3d 187 (1978) .........................................15

*Valenzuela v. Nationwide Mutual Ins. Co.*,

      2023 WL 5266033 (C.D. Cal. Aug. 14, 2023)...............................................13

*Warden v. Kahn*, 160 Cal. Rptr. 471 (Cal. Ct. App. 1979)..............................12

*Yockey v. Salesforce, Inc.*, 2023 WL 5519323 (N.D. Cal. Aug. 25, 2023).......................16

**STATUTES, RULES, SECONDARY SOURCES**

Cal. Penal Code § 631, *et seq.* .................................................................. *passim*

## I.   INTRODUCTION

As the Court is aware, this case challenges Defendant Lead Intelligence, Inc. d/b/a Jornaya's ("Jornaya") violations of the California Invasion of Privacy Act, Cal. Penal Code 631 ("CIPA"). After the Court permitted targeted discovery focused solely on the issue of whether Jornaya's product, TCPA Guardian, "read or attempt[ed] to read the contents of Williams' communications on DDR Media's website" (dkt. 76), the Parties completed discovery on this issue and Jornaya now moves for summary judgment.[1]

Though Jornaya states that "discovery has now been completed [] and establishes conclusively that Jornaya did not read or attempt to read the contents of Plaintiff's communications" (dkt. 90 at 1), in reality—and notwithstanding Jornaya's strident efforts to skirt liability at such an early stage of the case—the exact opposite is true. As will be explained more fully below, Jornaya's Rule 30(b)(6) designee's testimony conclusively establishes that Jornaya *does* "read[] or attempt[] to read or learn the contents or meaning" of consumer communications.

That is, Williams' interactions and communications with the website at issue were intercepted by Jornaya ███████████████████████████████████████████
████████████████████████████████████████████████████████
█████████████████████████████████████████
███████████████████████████████████████████████████
█████████████████████████████████████████████████████

---

[1] Plaintiff does not consent to Jornaya's statement in footnote 1 of its Motion that "[t]his motion, filed at the Court's direction, is without prejudice to Jornaya's ability to bring a motion under Rule 56 at a later time in the case should the Court not enter judgment in Jornaya's favor." The Court's standing order specifically states "Parties are limited to filing one motion for summary judgment. Any party wishing to exceed this limit must request leave of Court." As Plaintiff argued in the Parties' March 29, 2024 Joint Statement, bifurcating discovery and permitting Jornaya to file the instant summary judgment motion "would give Defendant a free bite at the apple", enabling it to move for summary judgment before Plaintiff can conduct the full scope of necessary discovery and move for class-wide summary judgment. (Dkt. 82 at 2.) Now, having taken its free bite, Jornaya apparently seeks to preserve its right to a *second* bite after the case proceeds through class certification.  Plaintiff objects to Defendant's request for leave on this issue.

RESPONSE IN OPPOSITION TO                          1
MOTION FOR SUMMARY JUDGMENT

1 ███████████████████████████████████████████████

2 ███████████████████████████████████████████████

3          As a result, if it were permissible under the one-way intervention rule, Plaintiff would be

4 filing her own motion for summary judgment at this juncture. Since that option is unavailable,

5 Plaintiff respectfully requests that the Court deny Jornaya's Motion. A jury could reasonably

6 decide that Jornaya "read[] or attempt[ed] to read or learn the contents or meaning" of Williams'

7 communications with DDR via the DRA website. Plaintiff further requests that the Court set

8 deadlines for the remainder of discovery and class certification briefing, after which Plaintiff can

9 file her own motion for summary judgment on behalf of herself and the Class.

10 **II.      BACKGROUND**

11          *Procedural History*

12          Williams filed her Complaint on June 27, 2022, alleging that Defendants violated CIPA by

13 wiretapping Plaintiff's communications on the DDR website. (*See* Dkt. 1 at ¶¶ 1–3, 12–13.)

14 Following an unsuccessful motion to compel arbitration and an agreed amendment to Plaintiff's

15 complaint to clarify DDR's "d/b/a" name (dkt. 36, 43), Defendants filed motions to dismiss

16 Plaintiff's First Amended Complaint on April 12 and April 13, 2023, arguing failure to state a

17 claim and lack of jurisdiction. (Dkt. 47, 48.) The Parties briefed the motions, and following oral

18 argument, the Court granted the motions to dismiss on August 18, 2023. (Dkt. 64.) Regarding

19 Plaintiff's CIPA claim, the Court reasoned that Jornaya was "more akin to a tape recorder vendor

20 than an eavesdropper" because it could think of "no sense in which Jornaya has read, attempted to

21 read, or learned the contents or meaning of the communications at issue." (*Id.* at 6–7.)

22 Accordingly, because the statute penalizes reading, learning, or attempting to read or learn the

23 contents of the communication, the Court found that Plaintiff had failed to state a claim. (*Id.*) The

24 Court granted Plaintiff leave to amend, and Plaintiff's Second Amended Complaint ("SAC") was

25 filed on September 20, 2023. (*Id.* at 11; Dkt. 66.)

26          Jornaya then moved to dismiss the SAC, which the Court denied on January 30, 2024.

27

28 RESPONSE IN OPPOSITION TO                          2
MOTION FOR SUMMARY JUDGMENT

(Dkt. 76). In that Order, the Court stated, "It is the Court's view that targeted discovery and an early summary judgment motion could resolve this question, and the Court will discuss this with the parties at the February 9, 2024 initial case management conference." Id. at 4–5. At the February 9, 2024 case management conference, the Court ordered the parties to make submissions regarding hashing technology. Jornaya made its submission on March 1, 2024 and Plaintiff filed a responsive submission on March 14, 2024. At a April 5, 2024 hearing following these submissions, the Court ordered the parties to conduct targeted discovery regarding the technology at issue, which has now been completed, and Jornaya's instant Motion for Summary Judgment followed.

*The Deposition of Manny Wald*

During the discovery period Ordered by the Court, Plaintiff served a Rule 30(b)(6) Notice of Deposition. At the deposition, Jornaya designated its Chief Technology Officer, Manny Wald, to testify on its behalf. Mr. Wald's testimony explained many key aspects of how TCPA Guardian works. Plaintiff summarizes them below:

**1. Jornaya** 

First, Wald explained that when a person visiting a website which has TCPA Guardian installed

RESPONSE IN OPPOSITION TO
MOTION FOR SUMMARY JUDGMENT



Wald further confirmed:

RESPONSE IN OPPOSITION TO
MOTION FOR SUMMARY JUDGMENT



**2   The hashing at issue occurs**

Next, Wald explained that the hashing



(Wald Depo. 24:24 – 26:4.)

   **3.  Jornaya uses**

   Additionally, Wald confirmed

(Wald Depo. 27:8 – 28:2.)

   **4.  Certain**

   Finally, Wald explained that



(Wald Depo. 31:1 – 34:2.)

## III.    ARGUMENT

Summary judgment is appropriate only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party must demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). A fact is "material" if its proof or disproof is essential to an element of a plaintiff's case, *id.* at 322-23, and a dispute is genuine "if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All justifiable inferences must be viewed in a light most favorable to the non-moving party. *Cnty. Of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001). Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *See Ponsetti v. GE Pension Plan*, 614 F.3d 684, 691 (7th Cir. 2010). Summary judgment must be denied if reasonable minds could differ on the inferences to be drawn from undisputed facts. *See Lake Nacimiento Ranch Co. v. San Luis Obispo Cnty.*, 841 F.2d 872, 875 (9th Cir. 1987); *Clemons v. Doughery Cnty., Ga.*, 684 F.2d 1365, 1369 (11th Cir. 1982).

As explained below, Jornaya covertly "read[] or attempt[ed] to read or learn the contents or meaning" of Williams' communications with DDR and is a third-party within the meaning of the statute. Its Motion for Summary Judgment should be denied.

### A.     Jornaya Read, Attempted To Read, Or Learned The Contents Or Meaning Of the Communications

Jornaya posits that it cannot be held liable under CIPA because it does not "read or attempt to read or learn" the contents of the communications it intercepts. (Def. Mot. at 7-10.) For the reasons stated below, the record demonstrates the opposite and Jornaya's Motion should be denied.

As the Court is aware, Section 631(a) of CIPA prohibits a number of actions relating to wiretapping.  It contains four distinct clauses, each of which constitutes a unique violation—a person may not (1) "intentionally tap" or make an unauthorized connection with a telegraph or telephone wire; (2) willfully and without consent "read or attempt to read or learn" the contents of a message or communication while it is in transit; (3) "use or attempt to use" any information so obtained; or (4) "aid, agree with, employ, or conspire" with any person to do any of the above. CAL. PENAL CODE § 631(a). The "paramount objective of the [Electronic Communications Privacy Act] is to protect effectively the privacy of communications," and while the first clause expressly applies to tapping of telegraph or telephone wires, the remainder of Section 631(a) is

not limited to phone lines. *See, e.g.*, *Matera v. Google Inc.*, No. 15-CV-04062-LHK, 2016 WL 8200619, at *21 (N.D. Cal. Aug. 12, 2016). It is the second prong of Section 631(a) at issue here.

As Jornaya's CTO Mr. Wald testified at the Rule 30(b)(6) deposition: (███████████ ████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ █████████████████████████████████████████████████ ███████████████████████████████████████████████████ ██████████████████████████████████████████████████ █████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ █████████████████████████████████████████████████[2]

A jury, therefore, could reasonably conclude that Jornaya "read[], attempt[ed] to read or learn[ed]" the contents of Williams' communication. Williams' interactions with DDR's website were ████████████████████████████████████████████████ ██████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████ Under the circumstances, a jury could easily (and should) conclude that Jornaya actually did read or learn the contents of the communications. *See D'Angelo v. Penny OpCo, LLC*, No. 23-CV-0981-BAS-DDL, 2023 WL 7006793, at *8 (S.D. Cal. Oct. 24, 2023). ("Plaintiffs sufficiently allege Defendant allowed Vergic to contemporaneously duplicate their chat conversations with Defendant as they occurred, **thereby reading them**"). (emphasis added.)

---

[2] Plaintiff refers the Court to the full deposition excerpts contained the Factual Background section above.

RESPONSE IN OPPOSITION TO                            10
MOTION FOR SUMMARY JUDGMENT

1       Perhaps an analogy on this point is a hypothetical scenario of a person ███████████

2  ████████████████████████████████████████████████████

3  ████████████████████████████████████████████████████

4  █████████████████████████████████████████████████████████

5  █████████████████████████████████████████████████████████

6  ████████████████████████████████████████████

7  █████████████████████████████████████████████████████████

8  ██████████████████████████████████████████████████████

9  █████████████████████████████████████████████████████

10  ███████████████████████████████████████████████

11  █████████████████████████████████████████████████████████

12  ████████████████████████

13       This is particularly true given that the California Supreme Court has consistently held that

14  CIPA must be construed broadly. *See Ribas v. Clark*, 38 Cal. 3d 355, 359 (1985) ("In enacting

15  [CIPA], the Legislature declared in broad terms its intent to protect the right of privacy of the

16  people of this state from what it perceived as a serious threat to the free exercise of personal

17  liberties that cannot be tolerated in a free and civilized society. This philosophy appears to lie at

18  the heart of virtually all the decisions construing the Privacy Act.") (internal citations and

19  quotations omitted); *Matera v. Google Inc.*, 2016 WL 8200619, at *19 (N.D. Cal. Aug. 12, 2016)

20  ("[W]hen faced with two possible interpretations of CIPA, the California Supreme Court has

21  construed CIPA in accordance with the interpretation that provides the greatest privacy

22  protection.").

23       This broad interpretation of CIPA counsels against providing Jornaya a "get-out-of-jail

24  free" card based solely on the fact ███████████████████████████

25  █████████████████████████████████████████████████████

26  █████████████████████████████████████████████████████

27

28  RESPONSE IN OPPOSITION TO          11
     MOTION FOR SUMMARY JUDGMENT

1  ███████████████████████████████████████████████████

2  ███████

3          Finally, Jornaya makes a brief argument that the type of information at issue in this case is

4  "record information" which is outside the scope of CIPA and not "content". (Def. Mot. at 9.)

5  However, this inquiry heavily depends on the circumstances in each individual case. "The term

6  'contents' refers to the intended message conveyed by the communication." *In re Zynga Priv.*

7  *Litig.,* 750 F.3d 1098, 1106 (9th Cir. 2014). While in some cases information such as a name,

8  address, and phone number may be mere "record information," in this case that information *is* the

9  content. In fact, this type of information was the entire point of the communication. Recall that

10 the website at issue was a TCPA lead generation website. The entire point of the website was to

11 get Williams' name, phone number, and other similar information, plus proof that she clicked a

12 button and agreed to be called for TCPA compliance purposes. This is why Jornaya's TCPA

13 Guardian was surveilling her in the first place, so that Jornaya could capture proof of her prior

14 express consent under the TCPA. Whereas this information may be mere record information in

15 other circumstances, in this case it is the content. For this reason as well, Jornaya's Motion should

16 be denied.

17

18          **B.      Jornaya Is A Third-Party Eavesdropper.**

19          Next, Jornaya contends that it is entitled to summary judgment for a separate reason: that

20 it was not a third party to Plaintiff's communications. (Def. Mot. at 10-12.) This argument also

21 fails.

22          As the Ninth Circuit has held, the purpose of wiretapping laws like CIPA is to "prevent

23 the acquisition of the contents of a message by an unauthorized third-party or an unseen auditor."

24 *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 608 (9th Cir. 2020). CIPA contains

25 an exemption from liability for a person who was a "party" to a communication. *See Warden v.*

26 *Kahn*, 160 Cal. Rptr. 471 (Cal. Ct. App. 1979) ("[S]ection 631 ... has been held to apply only to

27 eavesdropping by a third party and not to recording by a participant to a conversation."). As one

28 RESPONSE IN OPPOSITION TO                          12
   MOTION FOR SUMMARY JUDGMENT

Court aptly summarized:

> The question here, then, is whether Vergic is a third-party eavesdropper or the equivalent of a tape-recorder in Defendant's control. *Compare Rogers v. Ulrich*, 125 Cal. Rptr. 306 (Cal. Ct. App. 1975) (holding that a tape recorder jack installed in a telephone, used to record a conversation, then played back to a third party later, did not create liability under CIPA) *with Ribas v. Clark*, 696 P.2d 637 (Cal. 1985) (holding that allowing a friend to listen in on a phone conversation via an extension created liability under CIPA). So, is Vergic the tape recorder or is Vergic the friend listening in?

*D'Angelo*, 2023 WL 7006793, at *7.

Jornaya—despite being a third party to the communication and a completely separate company from the website operator—strains itself to argue that it is not actually a third party within the meaning of the statute.  In other words, that it is the "tape recorder" in the analogy. Courts which have tackled this question take what can be categorized as three (3) different approaches. As explained below, Jornaya's arguments fail under the first two and the third should be rejected outright.

### 1.     Jornaya is a separate entity from DDR and therefore is a third-party wiretapper.

The first approach, taken by some courts who have faced this issue, simply asks whether the alleged third party is a separate entity. *See Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503, 520 (C.D. Cal. 2021) (finding that a software provider was a third-party within the meanings of CIPA in part because it "is a separate legal entity that offers 'software-as-a-service' and not merely a passive device"); *Valenzuela v. Nationwide Mutual Ins. Co.,* 2023 WL 5266033, a *7 (C.D. Cal. Aug. 14, 2023) ("A plausible inference from [plaintiff's] allegations is that Akamai—a corporate entity wholly distinct from Nationwide—is a third party learning the contents of communications in real time."); *Flowers v. Twilio, Inc.*, 2016 WL 11684603, at *1 (Cal. Super. Ct. Aug. 2, 2016) ("The complaint makes clear that it is Twilio, not its clients, that recorded the communications"); *D'Angelo*, 2023 WL 7006793, at *8 (S.D. Cal. Oct. 24, 2023) ("Plaintiffs sufficiently allege Defendant allowed Vergic to contemporaneously duplicate their chat conversations with

Defendant as they occurred, thereby reading them").

This approach makes good sense. The purpose behind the enactment of CIPA was to prevent the "simultaneous dissemination [of the contents of a communication] to an unannounced second auditor, whether that auditor be a person or a mechanical device". *Ribas*, 38 Cal. 3d at 360; *see also In re Facebook*, 95 F.3d at 608 ("The Wiretap Act's legislative history evidences Congress's intent to prevent the acquisition of the contents of a message by an unauthorized third-party or an unseen auditor."); ); *Smith v. LoanMe, Inc.*, 11 Cal. 5th 183, 199-200 (2021) ("[r]ecording a communication without the speaker's consent can implicate significant privacy concerns, regardless of whether a party or someone else is performing the recording.").

Through this prism, it is enough under the statute for Jornaya—unquestionably a distinct entity unaffiliated with DDR Media—to surveil the communication between Williams and DDR. There is no requirement in CIPA for Jornaya to do anything with the intercepted communication in order for "third-party" liability to be triggered. All that is required is that Jornaya was not a party to the two-way communication between Williams and DDR. And it wasn't, Jornaya and DDR are separate entities. The Court should apply this approach and deny Jornaya's Motion.

### 2.   Jornaya is a third-party wiretapper under the *Javier* approach

A second approach some courts have adopted is the one outlined in *Javier v. Assurance IQ, LLC*, 649 F. Supp. 3d 891 (N.D. Cal. 2023), which the parties have previously briefed. This approach looks to whether the third party "had the capability to use its record of the interaction for any other purpose". *See id*. This approach doesn't require actual use of the data, only an ability to use the data.

To begin, Plaintiff notes that there is no requirement in the statute that a third party have "the capability" to use the intercepted communication for its own purposes. The CIPA clause at issue simply penalizes those who "read[], or attempt[] to read, or []learn the contents or meaning of any . . . communication." Cal. Penal Code 631(a)(ii). Nothing in the second prong of the statute requires that the intercepted communication's content be used for any purpose for a violation to

attach. Rather, use is a separate violation codified in the third prong. *See* Cal. Penal Code 631(a)(iii) (CIPA violation for those "who use[]" wiretapped communications). These are two separate violations: "reading" the intercepted communication (prong #2) and "using" the intercepted communication (prong #3) are separate violations and a company can violate one of these prongs without violating the other.  *See Tavernetti v. Superior Ct.*, 22 Cal. 3d 187, 192-93 (1978) (CIPA outlaws "distinct and mutually independent patterns of conduct").

Having said that, the *Javier* approach is not wholly inconsistent with the statute. Its test can be viewed as a manner in which courts can categorize a particular situation into one of the buckets in the oft-used analogy of "the wife's friend or a tape recorder". Said another way, the wife's friend *could* have used the content of the intercepted communication for some hypothetical purpose whereas a tape recorder has no ability to use the content for any purpose other than allowing the tape recorder's owner to listen to the recording.

Should the Court adopt the *Javier* approach, the facts at hand demonstrate that Jornaya is an eavesdropper, not a tape recorder. Again, as stated above, ███████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████ ███████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████Its Motion for Summary Judgment should be denied.

1

2          **3.      The *Graham* approach is wrong and should not be followed**

3          A third approach, and predictably the one Jornaya argues for, is set forth in *Graham v.*

4  *Noom, Inc.*, 533 F. Supp. 3d 823 (N.D. Cal. 2021) and in subsequent cases applying *Graham*,

5  including the cases cited by Jornaya. (Def. Mot. at 10-12.) As the Javier Court summarized, these

6  cases hold that "where the alleged third party is doing only what the party to the communication

7  directs, then that purported third party is nothing more than an extension of the party and cannot

8  be liable under a statute concerned only with non-party recording." *Javier*, 649 F. Supp. 3d at

9  899.

10          The Court should reject this approach. "*Graham* and its progeny are based on a

11  misinterpretation of Section 631 and *Ribas*, both of which compel the conclusion that the third

12  party's intentions with respect to the use of the collected information are irrelevant." *Yockey v.*

13  *Salesforce, Inc.*, 2023 WL 5519323, at *5 (N.D. Cal. Aug. 25, 2023). *Graham* "interprets the

14  second prong of the statute based on the intentions and usage of the prospective third party."

15  *Javier*, 649 F. Supp. 3d at 900. As explained above, there is no "use" requirement in the second

16  prong, only the third. *See D'Angelo*, 2023 WL 7006793, at *7-8 ("A use requirement is more

17  appropriate in a Clause Three, not Clause Two . . . to [] allege a violation of Clause Two,

18  [plaintiff] need not allege that Vergic [wiretapped] for its own use.").

19          As one court explained, Graham "would imply that any third party who surreptitiously

20  recorded a conversation . . . would not violate [CIPA] so long as it was recording the conversation

21  at the direction and for the benefit of a party [to the communication]. [CIPA] does not contain any

22  such exception". *Saleh*, 562 F. Supp. 3d at 520. Adopting *Graham* here, as Jornaya urges, would

23  gut CIPA and permit eavesdropping so long as it was done for the benefit of a party to the

24  conversation being eavesdropped on. Thus, the Court should reject *Graham* and Jornaya's

25  arguments based on its holding and conclude that Jornaya was a third-party wiretapper under

26  CIPA.

27

28  RESPONSE IN OPPOSITION TO                    16
    MOTION FOR SUMMARY JUDGMENT

1    **IV.      CONCLUSION**

2           Defendant's Motion for Summary Judgment should be denied. A reasonable jury could

3    conclude that Jornaya read, attempted to read, or learned the contents or meaning of the

4    communications at issue and that it is a third-party wiretapper under CIPA.

5

6                                              Respectfully submitted,

7    Dated: August 9, 2024                     **LORETTA WILLIAMS**, individually and on
                                               behalf of all others similarly situated,

8
                                               By: /s/  *Patrick H. Peluso*
9
                                               Rebecca Davis (SBN 271662)
10                                             rebecca@lozeaudrury.com
                                               **LOZEAU DRURY LLP**
11                                             1939 Harrison, Suite 150
                                               Oakland, CA 94612
12                                             Telephone: (510) 836-4200
                                               Facsimile: (510) 836-4205
13
                                               Patrick H. Peluso*
14                                             ppeluso@woodrowpeluso.com
                                               Steven L. Woodrow*
15                                             swoodrow@woodrowpeluso.com
                                               **WOODROW & PELUSO, LLC**
16                                             3900 East Mexico Avenue, Suite 300
                                               Denver, Colorado 80210
17                                             Telephone: (720) 213-0676
                                               Facsimile: (303) 927-0809
18
19                                             *Attorneys for Plaintiff and the Class*

20                                             * Pro Hac Vice

21

22

23

24

25

26

27

28   RESPONSE IN OPPOSITION TO              17
     MOTION FOR SUMMARY JUDGMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on August 9, 2024.

*/s/ Patrick H. Peluso*